## TOWN OF ROSEDALE *v*. HANNER.

[No. 19,611.   Filed November 12, 1901.]

MUNICIPAL CORPORATIONS.—*Ordinance Prohibiting the Use of Gates Swinging Outward.*—*Statutes.*—A town ordinance prohibiting the construction or use of gates that open or swing out upon the sidewalk is not invalid under §1709 Burns 1901, forbidding any incorporated town or city from making punishable any act declared by statute to constitute a public offense against the State on the ground that the act made penal by the ordinance is a misdemeanor, under §2043 Burns 1901, concerning the obstruction of highways, since the ordinance is preventive of the act declared by the statute to constitute a public offense. *pp. 390, 391.*

SAME.—*Ordinances.*—*Gates Swinging Outward.*—A town ordinance prohibiting the construction or use of gates that swing outward upon the sidewalk is reasonable and clearly within the power vested in incorporated towns by clauses 6, 11, §4357 Burns 1901. *pp. 391, 392.*

From Parke Circuit Court; *A. F. White,* Judge.

Action by town of Rosedale against James M. Hanner for violation of town ordinance. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. M. Johns,* for appellant.

*Dick Miller, J. T. Johnston* and *J. S. White,* for appellee.

· HADLEY, J.—The appellant filed a verified complaint before a justice of the peace, charging appellee with the violation of an ordinance of appellant, which reads as follows, omitting the caption: "Section 1.   Be it ordained by the board of trustees of the town of Rosedale, Parke county and State of Indiana, that it shall be unlawful for any person or persons owning or controlling property in the incorporated village of Rosedale, Parke county and State of Indiana to hang, hinge, construct, or erect any gate or gates or continue the usage of any gate or gates that open or swing out upon any street or sidewalk after the 5th day of July, 1897.   Section 2.   Any person or persons violating the provisions of the foregoing section shall upon conviction thereof

be fined in any sum not less than $5 nor more than $10 for each and every offense and costs of prosecution may be added."

The circuit court upon appeal thereto sustained a demurrer to the complaint. Appellant declining to amend, judgment was rendered against it. The only objection made to the complaint is that the act made penal by the ordinance is a misdemeanor by a statute of this State (§2043 Burns 1901, §1964 Horner 1897, relating to the obstructions of highways) which fact it is assumed renders the ordinance void under §1709 Burns 1901, §1640 Horner 1897, forbidding any incorporated town or city from making punishable any act declared by statute to constitute a public offense against the State.

Concerning the obstruction of public highways the statute is: "Whoever, in any manner, wrongfully obstructs any public highway" shall be fined, etc. The punishable offense defined in the ordinance is the hanging, hinging, or construction of a gate, or the continued use of a gate, that opens or swings out upon a street or sidewalk. The act forbidden is the erection or continued use of a gate so constructed as to be easily susceptible of swinging out upon and obstructing the sidewalk. In its nature the ordinance is preventive of the act declared by the statute to constitute a public offense. The ordinance is directed against the creation, or permissive continuance, of conditions that threaten the obstruction of a highway, while §2043 Burns 1901 of the statute is directed against the accomplished act of obstruction. The act made penal by the ordinance in question is not punishable by the statute relating to the obstruction of highways, or by any other statute of the State to which our attention has been called, and the validity of the ordinance, therefore, is not affected by §1709, *supra.* *Zeller* v. *City of Crawfordsville,* 90 Ind. 262.

There is no doubt of the power of an incorporated town to provide by ordinance reasonable regulations for the health

and safety of its inhabitants, and for the free and uninterrupted use of its streets and alleys. §4857 Burns 1901 (cl. 6 and 11); *City of Crawfordsville* v. *Braden*, 130 Ind. 149, 14 L. R. A. 268, 30 Am. St. 214.

That gates constructed to swing outward are liable to be left standing out upon the sidewalk, by inadvertence, playing children, unusual storms, and other agencies against which it is difficult to guard, and when so standing, particularly in the night-time, are sources of great annoyance and often of severe injury to travelers on the sidewalk, is a matter within the common experience of all dwellers in villages and towns. The restriction imposed by the ordinance before us is easily complied with, is effective in removing a fruitful source of danger to foot travelers in the town, and is therefore reasonable, and clearly within the power vested in appellant. The complaint is sufficient, and the demurrer thereto should have been overruled.

Judgment reversed, with instructions to overrule the demurrer to the complaint.