## Lewis and Others *v.* Lewis.

PRACTICE.—*New Trial.*—*Rejection of Evidence.*—Where the court below refuses to permit a question to be answered by a witness, the bill of exceptions must show the particular facts expected to be elicited, so that the Supreme Court may judge of their materiality; otherwise the error is not available.

| 30 | 257 |
|-----|------|
| 138 | 596 |
| 30 | 257 |
| 142 | 319 |
| 30 | 257 |
| 169 | 392 |

APPEAL from the Posey Circuit Court.

GREGORY, J.—James Lewis commenced his action in the court below against Furney Lewis, James T. Lewis, and David F. Lewis, to subject to execution certain real estate, conveyed to James T. and David F., on the 28th of January, 1861, by one Thomas Fletchall and wife, on the ground that it was purchased by Furney Lewis, who procured the conveyance to be made to defraud his creditors. James Lewis and Furney Lewis entered into partnership in the dry goods business on the 1st of April, 1859, and dissolved their relation as partners in October, 1860. At the time of the dissolution, the firm was in debt some three thousand dollars. James Lewis was compelled to pay this debt, and, in a suit by him against Furney Lewis, he recovered, for and on account thereof, a judgment for one thousand one hundred and sixty-three dollars and ninety cents, on which it is sought to subject the land in controversy to sale on execution. The real estate was purchased by Furney Lewis, who caused it to be conveyed to his minor sons, his co-defendants, for the purpose, as he testifies, of avoiding the payment of a debt for which he was surety.

The bill of exceptions states that "the defendants offered to prove by the plaintiff the amount and value of the partnership means of F. Lewis & Co. (the firm composed of the plaintiff and defendant Furney), owned by the firm at the date of the execution of the deed of Fletchall and wife to James T. and David F. Lewis, and what disposition was made of such means by James Lewis, the plaintiff; and also offered to prove by him how much means the firm had at

the time such partnership was dissolved, and the amount of partnership debt at that time, and what disposition was made of such means by the plaintiff; to the introduction of which the plaintiff objected." The court sustained the objection, and this was one of the grounds for the motion for a new trial.

In *The Toledo and Wabash Railway Company* v. *Goddard*, 25 Ind. 185, it was held that where the court below refuses to permit a question to be answered by a witness, the particular facts expected to be elicited must be shown, in order that this court may judge of their materiality. If this is not done, the error is not available.

In the case at bar, the bill of exceptions fails to show the particular facts expected to be elicited. We have looked through the evidence, and think that the verdict is well sustained. The court below committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*W. Harrow*, for appellants.

*C. Denby*, *E. M. Spencer*, and *W. Loudon*. for appellee.