Wiley *v.* Owens.

*J. W. Gordon, T. M. Browne, R. N. Lamb, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*L. Barbour* and *C. P. Jacobs,* for appellee.

----------●----------

## WILEY *v.* OWENS.

LICENSE.—*Spirituous Liquors.—City Ordinance.—Constitutional Law.*—A city ordinance, passed under the authority of the statute (3 Ind. Stat. 63), requiring dealers of intoxicating liquors within the city to procure a license to retail and to pay therefor, is not unconstitutional.

SAME.—*Taxes.*—The State may, for revenue purposes, impose a license for the

carrying on of particular branches of business, and may confer the right upon a city, though the payment of the license fee operate incidentally as a tax upon the dealer or consumer.

SAME.—*General Law.*—That the same license fee, as a tax, is not required by all the cities in the State, is no valid objection to the law conferring the power on the common council to pass such ordinance, or to the ordinance itself; for, though taxes must be uniform throughout the city levying them, they need not be the same throughout different cities.

SAME.—*Amount of License Fee.*—The exaction, by a city, of license money in the sum of five hundred dollars of each retail dealer of intoxicating liquors, cannot be considered, as a matter of law, unreasonable or objectionably prohibitory.

APPEAL from the Judge of the Johnson Circuit Court.

WORDEN, J.—The appellant, Wiley, procured a writ of *habeas corpus* to be issued by the order of the judge below, and prayed to be discharged from the custody of the appellee, Owens, who was sheriff of the county of Johnson.

The appellee demurred to the petition, and the demurrer was sustained, exception being taken. The appellant was remanded to the custody of the appellee. He brings the case before this court for a review of the ruling below. The facts in the case are all stated in the petition, and are, in brief, as follows:

1. Wiley had a license from the authorities of Johnson county to retail intoxicating liquors at his place of business in the city of Franklin.

2. He applied to the city authorities of the city of Franklin for a license for the same purpose, and offered to make proof of his good character, etc., and offered to pay fifty dollars for a city license, but this was refused.

3. The city of Franklin had passed an ordinance requiring the sum of five hundred dollars to be paid for such city license, and inflicting a penalty for retailing in the city without such license, of not less than twenty-five dollars nor more than fifty dollars.

4. Wiley was convicted, before the mayor of the city of Franklin, of retailing in violation of the city ordinance, and upon failing to pay or replevy the judgment, he was regularly committed to the custody of Owens as such sheriff.

The proceedings are all set out, and appear to be more regular and formal than is supposed to be usual in such cases.

Two questions are made in the cause; first, whether, on *habeas corpus*, the court or judge can go behind the commitment where the conviction is had in a court of competent jurisdiction, and discharge a party because of the invalidity of the law under which the conviction is had; second, whether or not the city ordinance in question is valid.

The conclusion to which we have come upon the latter question, renders it wholly unnecessary that we pass upon the first.

Is the city ordinance in question void? and if so, wherefore? By the act for the incorporation of cities (3 Ind. Stat. 63), it is provided that the common council shall have power to enforce ordinances "to regulate and license all inns, taverns, or other places used or kept for public entertainments; also all shops, or other places, kept for the sale of articles to be used in and upon the premises." Sec. 53, thirteenth subdivision. Section 54 is as follows: "For removal and abatement of nuisances, to carry out and enforce sanitary regulations, for the apprehension of disorderly persons, vagrants, common prostitutes and their associates, to exact license money from all persons licensed to retail intoxicating liquors by county or state authority, and to regulate all places where intoxicating liquors are sold to be used on the premises, the common council shall have jurisdiction two miles beyond the city limits."

Here is ample power conferred upon the common council to require a license to retail within the city. *The City of Lawrenceburg* v. *Wuest*, 16 Ind. 337.

The counsel for the appellant, however, do not insist that a city may not require a license. Their positions will be fully understood by the following statement of them in their brief. "We concede," say the counsel, "the power, in the case at bar, of the city to require a license, and, as incident thereto, to exact a license fee sufficient to cover the expense

of issuing the same. But we contend that the ordinance, or, at any rate, the section fixing the fee at five hundred dollars, is unauthorized, illegal, and void for the reasons, first, that it is in its nature prohibitory; second, that it is unreasonable; third, that it is in conflict with the policy of the laws of the State on the subject; fourth, that the fee required is in fact a tax upon liquor dealers." We will consider the last objection to the ordinance first.

If we regard the ordinance as a revenue measure, and, therefore, as an indirect tax upon the liquor dealer, we are not advised of any constitutional objection to it as such.

To be sure, state taxes must be uniform throughout the State, county taxes throughout the county, and city taxes throughout the city. *Bright* v. *McCullough*, 27 Ind. 223. But city taxes need not be uniform throughout the different cities. It is sufficient if the taxes of a city are uniform throughout that city. There can be no valid objection to the law conferring power on the common council to pass the ordinance, or to the ordinance itself, on the ground of a want of uniformity.

The State may, beyond question, for revenue purposes, impose a license for the carrying on of particular branches of business. Thus, she has for nearly twenty years, by an act passed at the next session of the legislature after the adoption of the constitution, required a license for vending foreign merchandise by non-residents of the State, and for exhibiting caravans, menageries, etc. 1 G. & H. 424. It has never been claimed, so far as we are advised, that this act, in requiring such license, violates any provision of our state constitution. *Sears* v. *The Board of Commissioners of Warren County*, 36 Ind. 267.

The present act requiring a county license to retail (1 G. & H. 614) seems also to be a revenue measure, imposing incidentally a tax upon the dealer, as well as a police regulation. A uniform sum is required to be paid for the license, which goes into the treasury, to be expended in the support of common schools.

No one has ever successfully claimed that this act is void for imposing a tax upon the dealer.

If the State may thus impose a license for revenue purposes, for the carrying on of particular branches of business, no good reason is perceived why she may not confer the right to do the same thing upon municipal corporations. We are of opinion, therefore, that the statute conferring the authority upon cities to require such license is valid; and that under it, cities may require such license for revenue purposes, though it operate incidentally as a tax upon the dealer or consumer.

The statute conferring the authority in no manner limits the amount to be charged by cities for license to retail; hence any amount may be charged which may be deemed proper by the council, unless controlled by other considerations. It is urged, however, in this connection, that inasmuch as cities are empowered to raise a revenue by regular assessment and collection of direct taxes, this mode impliedly excludes any other mode of raising revenue. But it must be borne in mind that the same statute which provides for the one authorizes the other. All the provisions of the statute must be construed together. Both measures are provided for, and resort may be had to both. We are of opinion that the last objection to the ordinance is not available.

We return to the first, that the law is in its nature prohibitory.

This objection might probably be urged to any law requiring a license, however small; because any law which interferes at all with free traffic has some tendency to prohibition. We cannot say, as matter of law, that the amount required to be paid is so large as to render the ordinance void; nor can we say, in the language of the second objection, that "it is unreasonable." We pass the question whether in any case an ordinance can be held void as being unreasonable, where it is adopted in pursuance of express and un-

limited authority. The amount that may be reasonably charged for a license to carry on any particular branch of business must be determined by the circumstances, and can be judged of by the common council of the city where the business is to be carried on, much better than by persons remote therefrom.

The profits of the business would, very properly, have something to do with the amount to be charged for a license to carry it on. We are not enabled to say, from any information we have on the subject, or from anything shown by the record, that the profits of the business are so small as to render the amount required, in this instance, for a license absolutely unreasonable or objectionably prohibitory.

It is urged, in support of the third objection, that the requirement by cities of so large a sum to be paid for licenses will materially diminish the revenue of the State derived from the same source. This may be, but if so, it does not render the action of cities thus had in pursuance of the statute void. The same power, the legislature, that provided for a state revenue for the benefit of common schools, to be derived from the business of retailing, also provided that cities might require a license for the same business, without limit of amount to be charged. Besides this, the act conferring the power upon cities is the last expressed will of the legislature on the subject.

We are not able to see any substantial ground on which it can be held that the ordinance in question is void. It follows that the judgment below was right, and must be affirmed.

The judgment below is affirmed, with costs.

*S. P. Oyler, D. Howe, S. E. Perkins, F. J. Mattler,* and *S. E. Perkins, Jr.,* for appellant.

*T. Woollen, C. Byfield, G. M. Overstreet,* and *A. B. Hunter,* for appellee.