## SWEET *v.* THE CITY OF WABASH.

CITY.—*Common Council.— License to Sell Intoxicating Liquors.—Penalty.—* The common council of a city, incorporated under the act of 1867, has power to pass an ordinance requiring a license to authorize the sale of intoxicating liquors in said city, and to charge for such license the sum of three hundred dollars, and to impose penalties for the violation of the ordinance.

SAME.—*Evidence.—License by County Commissioners.—Internal Revenue Tax.* On a trial for the violation of such an ordinance, the defendant cannot introduce proof that he has obtained a license from the board of commissioners of the county in which the city is situated, or that he has paid the tax imposed by the internal revenue act.

SAME.—*Power "to Exact License Money."—"To Regulate."—Prohibition.—Act of 1859.—*Neither the power conferred on the city council "to exact license money," nor that "to regulate," confers the power to prohibit the sale. The act of 1859, to regulate and license the sale of intoxicating liquors, construed

together with the act of 1867 for the incorporation of cities, shows that the power was conferred on cities to exact a tax for revenue and for police regulation, but not the power to prohibit the sale.

SAME.—*Evidence of Amount of Tax being Prohibitory.*—What will amount to a prohibitory tax, is a question of fact. On a trial for the violation of such an ordinance, evidence is proper to show that the amount of the tax imposed is in effect prohibitory of the sale. DOWNEY, J., dissents as to this ruling, regarding the question as not being presented in this case; and holding that the question was not one to be left to the court or jury as a question of fact or as a question of law and fact.

APPEAL from the Wabash Common Pleas.

BUSKIRK, J.—The common council of the city of Wabash, which was incorporated under the act of 1867, passed an ordinance requiring all persons engaged in retailing intoxicating liquors in said city to obtain a license from said city, and to pay therefor the sum of three hundred dollars, and imposing penalties for the violation of such ordinance.

The appellant was prosecuted and convicted before the mayor of said city for a violation of said ordinance, from which judgment he appealed to the common pleas, in which court he was again convicted. The court overruled motions for a new trial and in arrest of judgment, and rendered judgment on the finding.

The appellant has assigned for error the overruling of his motions in arrest of judgment and for a new trial.

It is in the first place maintained by the appellant that the appellee possessed no power to pass the ordinance in question, and that consequently it is illegal and void.

The precise question raised was fully considered and decided by this court adversely to the appellant, in the case of *Wiley* v. *Owens*, 39 Ind. 429. We are satisfied with, and adhere to, the ruling in that case.

It is next assigned for error, that the court erred in refusing to allow the appellant to prove on the trial that, at the time when he was charged with violating the ordinance in question, he had obtained a license from the board of commissioners of Wabash county for the retailing of intoxicating liquors in said city, and had paid the tax imposed by the internal revenue act of Congress.

Sweet *v.* The City of Wabash.

We are very clearly of the opinion that the court committed no error in excluding such evidence. The appellant was not charged with a violation of the laws of the State, or of the United States, but was charged with the violation of an ordinance of said city. If the ordinance in question was valid, then he was guilty of the offence with which he stood charged; and the fact that he had not violated the laws of the State, or of the United States, constituted no defence. On the other hand, if the ordinance was illegal and void, the appellant was entitled to an acquittal for the offence charged against him, although he had violated the laws of this State and of the United States.

The next objection is stated as follows, in the bill of exceptions: "The said defendant then offered to prove by competent evidence that the ordinance, which is incorporated in the bill of exceptions, and which is the same ordinance under which this prosecution is maintained, is unreasonable in amount, and that the same is prohibitory in its provisions, and in fact amounts to a prohibition, and was meant and intended so to be by the common council of the city of Wabash at the time of the passage of said ordinance; to which evidence the plaintiff objected, on the ground that the power of the common council of the city of Wabash was unlimited in the amount required to be paid for a license to retail intoxicating liquors, and that it was a question of law, and not of fact. The court sustained the objection, and refused to allow the said defendant to introduce such evidence, or any part thereof; to which decision of the court, in excluding said evidence, the said defendant at the time excepted."

It is maintained, with great earnestness and ability, by the counsel for the appellee, that the above objections, which were urged to the admissibility of the evidence excluded, are valid, and are supported by authority. We decided, in the case of *Wiley* v. *Owens, supra,* that the question of whether an ordinance requiring a retailer of intoxicating liquors to take out license and pay therefor the sum of five

hundred dollars was prohibitory or not, was not purely a question of law, and that we could not know judicially that any given sum was or was not prohibitory.

In the above case, we said: "We cannot say, as matter of law, that the amount required to be paid is so large as to render the ordinance void; nor can we say, in the language of the second objection, that 'it is unreasonable.'"

We, in effect, held that it was a question of fact. We cannot see how it could be a mere question of law, which the courts are to determine from their judicial knowledge. It must, from the nature of the business, very much depend upon the facts and circumstances surrounding each particular case. An amount, which in one city would be prohibitory, in another city would not seriously embarrass the business.

It remains to inquire whether the power of the common council, in the premises, is without limit or control. If it be true, as maintained by the counsel for the appellee, that the amount which may be required for a license to retail intoxicating liquors in a city is left to the discretion, judgment, and determination of the constituted authorities of a city, then the exercise of such discretionary power is not subject to review here, but is binding and conclusive upon all persons. The question is one that must be determined by the act incorporating cities. The power of the common council of a city is such as has been conferred upon it by the legislature, and it cannot exceed the power thus conferred. The creature cannot arise superior to the creator. The legislature has licensed the traffic in intoxicating liquors. It is provided by law, that certain persons, on complying with certain conditions, may obtain from the several counties, license and authority to vend by retail intoxicating liquors in such county. The general government has recognized the legality of the business by imposing a tax thereon. The legislature has not attempted to prohibit, but to regulate and restrain the business. With the policy and wisdom of such legislation we have nothing to do. These questions belong

exclusively to the legislative and executive departments of the government, so far as the Governor may approve or veto an act, and 'to that extent constitutes a part of the law-making power.   We are not required to decide, and we do not decide, whether the legislature could, after authorizing a license to retail in any part of a county, confer upon the common council of a city the power to pass an ordinance which was prohibitory, thus rendering null and void a privilege granted by the legislature in the passage of the license act of 1859.   The real question is, what power has been conferred upon the common council of a city in reference to the retail therein of intoxicating liquors?

The 54th section of the act for the incorporation of cities, approved March 14th, 1867, reads as follows:

"Sec. 54. For removal and abatement of nuisances, to carry out and enforce sanitary regulations, for the apprehension of disorderly persons, vagrants, common prostitutes and their associates, to exact license money from all persons licensed to retail intoxicating liquors by county or state authority, and to regulate all places where intoxicating liquors are sold to be used on the premises, the common council shall have jurisdiction two miles beyond the city limits."

The power conferred by the above section is of a two-fold character.   The one is, "to exact license money from all persons licensed to retail intoxicating liquors by county or state authority," and the other is, "to regulate all places where intoxicating liquors are sold to be used on the premises."

Neither the power "to exact license money" or that "to regulate" confers the power to prohibit the sale of intoxicating liquors either by retail, or where the liquor is to be drank on the premises.

The money is to be exacted only from such persons as have been "licensed to retail intoxicating liquors by county or state authority," and the power "to regulate" seems to be limited to such "places" only, "where intoxicating liquors

are sold to be used on the premises." The legislature, in the passage of the act for the incorporation of cities, by referring to "persons licensed to retail intoxicating liquors by county or state authority," has, in the strongest and most undoubted manner, manifested an intention to recognize and secure the rights of all persons who had been licensed to retail intoxicating liquors under an act to regulate and license the sale of spirituous and other liquors, etc., approved March 5th, 1859, 1 G. & H. 614.

The power to pass a prohibitory ordinance is not expressly given, and when the acts of 1859 and 1867 are construed together, no such power can arise by implication.

By the act of March 5th, 1859, the legislature adopted the policy of licensing and regulating the traffic in liquors. By the act of March 14th, 1867, the power was conferred upon the common councils of cities to exact an additional sum of money from all persons licensed under the act of 1859. The act of 1859 was a revenue and police, and not a prohibitory, act, and we so held in *Wiley* v. *Owens, supra.* The plain and manifest purpose of the legislature was, that the power conferred upon the constituted authorities of cities should be exercised in such a manner as not to defeat the paramount rights secured by the act of 1859; in other words, that the cities might, for the purposes of revenue and as a police regulation, exact an additional sum from licensed retailers, but they have no power to exact such a sum as would be prohibitory and thereby defeat the rights secured under the general law of March 5th, 1859.

We think the court erred in excluding the offered testimony, and that for this error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

DOWNEY, J.—I cannot assent to that part of the foregoing

opinion in which it is held that the common pleas erred in refusing to admit the evidence which it was proposed to introduce, the object of which was to show that the ordinance in question was unreasonable in amount, and was prohibitory in its provisions—in fact, amounted to prohibition, and was meant and intended so to be by the common council of the city at the time of its passage. The case of *Wiley* v. *Owens, supra,* does not decide that such evidence could be admitted, but as I understood it, and yet understand it, decides the opposite, if it decides anything on the question. Had I understood the case as holding such doctrine I could not have assented to it.

In the case under consideration, the ruling of the common pleas should have been affirmed, in my opinion, for the reason, in the first place, that it was not proposed to prove any fact. It was proposed to prove, in the first place, that the ordinance was "unreasonable in amount." Now if such evidence was at all admissible, it should have been confined to proof of facts from which the court or jury trying the case could have decided the question whether or not it was unreasonable in amount. This was not proposed. But it was proposed to have the witness decide the question as a matter of opinion whether the ordinance was unreasonable in amount or not. And it was proposed to prove, in the second place, that the ordinance was prohibitory in its provisions, and was so meant and intended by the city council. This was nothing else but an offer to have the witness express an opinion upon the very question which it is supposed should have been left to the court or jury to decide. If such objections to a law or an ordinance can be submitted to a court or jury to be tried as a fact, or as a question of law and fact, surely the court or jury ought to hear, and the witnesses ought to speak of the facts from which the court or jury is to decide the main question, and the witnesses should not be allowed to decide as matter of opinion that which the triers should determine from the facts proved. If it was proposed to prove any fact tending to

show that the objections to the ordinance were well founded, such proposal is not shown, and, therefore, it is not shown that there was any error in refusing to admit the evidence. See *Lewis* v. *Lewis*, 30 Ind. 257. But I am of the opinion that there was no error committed, for the reason, secondly, that the question is not one to be left to the court or jury as a question of fact or as a question of law and fact. Saying nothing about the form in which the offer of the evidence was made, it is decided by the majority of the court that the question whether the amount required to be paid for a license to retail intoxicating liquors by a city ordinance is unreasonable and, therefore, prohibitory, is a question to be tried as a question of fact by a jury, or by the court acting as a jury. There is no indication in the opinion as to the nature of the inquiry, or how it is to be carried on. Whether any such business be profitable or not, depends upon the demand and the number of persons already engaged in it. You must inquire, we suppose, in the first place, how many inhabitants there are in the particular city, and, secondly, as all persons are not consumers, you must inquire how many, or what proportion of them, use the article which it is proposed to sell. Your inquiries cannot stop here, for of those who are consumers, some will probably use a great deal more than others, and you must find out how much each consumer will use. When you have ascertained these facts, you can determine pretty accurately the extent of the demand for the article which is to be sold. But this is only one side of the question. You must next inquire as to the number of persons who are engaged, or who propose to engage, in the business of supplying the demand. Let us suppose that the city of Wabash contains a population of five thousand, and that it has been ascertained what per cent. or proportion of the five thousand are consumers of intoxicating liquors, and how much each consumer will use; we are next to determine how many dealers can engage in supplying the wants of these consumers, pay the required license fee, and still make the business profitable. How is

Sweet *v.* The City of Wabash.

this question to be determined? Who are to be the witnesses by whom the proof is to be made? As only those, as a general rule, who are engaged, or have been engaged, in any business can testify as to whether it is, or has been, profitable or not, it is probable that those who are engaged in the business, or have been engaged in it, will be the only witnesses from whom this information can be obtained. Let us suppose that five persons can engage in this business in the city of Wabash, pay the three hundred dollars each, and yet make the business profitable. In that case, the ordinance is not unreasonable in amount, and is not prohibitory. But five more wish also to engage in the business, and they demand, and each receives, a license to retail. It is evident that if the consumption remains the same, the profits must be one-half less, and that the dangerous point of unreasonableness and prohibition is nearer at hand than it was when only five were engaged in the business. Now let us suppose that ten more persons, seeing the evidence of thrift attending the business of those already engaged in it, apply for license, that they too may retail, and they allege that the sum demanded—the three hundred dollars—is an unreasonable amount, and that if the city authorities persist in demanding the same they will not be able to pay it and yet make the business profitable; in other words, that the ordinance fixing the amount will be, as to them, prohibitory. What is to be the result? Shall they go on and sell in defiance of the ordinance, and when called to an account for it be allowed to prove that the amount is unreasonable and prohibitory? But it may be supposed that some men engage in this business at much greater expense than others. Suppose that the first five have each built, purchased, or rented, and fitted up in good style, a place for such business, and have furnished it at great expense, so that to remunerate them it will require all the incomes from all the business of the city; shall all others be shut out from competition with them on account of their extravagant surroundings, and not allowed to engage in the business for fear of reaching the

point of prohibition, or breaking down the business of those who first secured licenses?

If the case of *Wiley* v. *Owens, supra,* decided anything upon the point in question, it decided directly the opposite of what is decided by the majority of the court in this case. On the questions of unreasonableness and prohibition, this is the language of the opinion: "This objection might probably be urged to any law requiring a license, however small; because any law which interferes at all with free traffic has some tendency to prohibition. We cannot say, as matter of law, that the amount required to be paid is so large as to render the ordinance void; nor can we say, in the language of the second objection, that 'it is unreasonable.' We pass the question whether in any case an ordinance can be held void as being unreasonable, where it is adopted in pursuance of express and unlimited authority. The amount that may be reasonably charged for a license to carry on any particular branch of business must be determined by the circumstances, and can be judged of by the common council of the city where the business is to be carried on, much better than by persons remote therefrom. The profits of the business would, very properly, have something to do with the amount to be charged for a license to carry it on. We are not enabled to say, from any information we have on the subject, or from anything shown by the record, that the profits of the business are so small as to render the amount required, in this instance, for a license absolutely unreasonable or objectionably prohibitory.

"It is urged, in support of the third objection, that the requirement by cities of so large a sum to be paid for licenses will materially diminish the revenue of the State derived from the same source. This may be, but if so, it does not render the action of cities thus had in pursuance of the statute void. The same power, the legislature, that provided for a state revenue for the benefit of common schools, to be derived from the business of retailing, also provided that

Sweet *v*. The City of Wabash.

cities might require a license for the same business, without limit of amount to be charged.   Besides this, the act conferring the power upon cities is the last expressed will of the legislature on the subject.   We are not able to see any substantial ground on which it can be held that the ordinance in question is void.   It follows that the judgment below was right and must be affirmed."

If the question whether a city ordinance requiring a license is prohibitory or not is a question of fact for a jury, I do not see why the same rule would not require us to hold that the question, whether a law of the state requiring such a license was valid or not, would not also be a question for the decision of a jury as a question of fact.   The state occupies to some extent the same relation to the general government that a city occupies to the state.   Suppose the applicant for license to retail shall allege that he cannot afford to pay the license fee required by the general government, and also that required by the state, and that the state law is prohibitory, and therefore void, must this question go to the jury? and if the jury find the complaint well founded, must they hold the state law invalid?

I think the doctrine which should govern in this case is clearly deducible from the case of *Wiley* v. *Owens, supra*. "The same power, the legislature, that provided for a state revenue for the benefit of common schools, to be derived from the business of retailing, also provided that cities might require a license for the same business, without limit of amount to be charged.   Besides this, the act conferring the power upon cities is the last expressed will of the legislature on the subject."   "The amount that may be reasonably charged for a license to carry on any particular branch of business must be determined by the circumstances, and can be judged of by the common council of the city where the business is to be carried on, much better than by persons remote therefrom."   Such views are in accordance with the former deci-

VOL. XLI.—2

sions of this court relating to the powers of municipal corporations. In *Brinkmeyer* v. *The City of Evansville*, 29 Ind. 187, this court uses this comprehensive language, in speaking of the powers of such corporations: "A municipal corporation is, for the purposes of its creation, a government possessing to a limited extent sovereign powers, which, in their nature, are either legislative or judicial, and may be denominated governmental or public. The extent to which it may be proper to exercise such powers, as well as the mode of their exercise, by the corporation, within the limits prescribed by the law creating them, are, of necessity, entrusted to the judgment, discretion, and will of the properly constituted authorities, to whom they are delegated." The same doctrine was recognized and laid down in *Wood* v. *Mears*, 12 Ind. 515. "This construction is objected to, because there may be an abuse of the powers thus conferred upon the common council. The argument, although the court should not be unmindful of consequences, might well be addressed to the consideration of the legislature, who may at any time abridge the powers of municipal corporations, if they see cause to do so; but it cannot prevail with the courts against a plain and unequivocal legislative enactment.", And again, "It is peculiarly proper that each city should determine for itself what its wants and necessities, in this respect, demand." Other expressions to the same effect might be given. It is said by counsel for appellant that he understands from the decisions of this court heretofore rendered, that an act of the legislature upon the subject in question prohibitory in its provisions would not be sustained, and much less, he thinks, would an ordinance of a city of like character be sustained. We think counsel is mistaken in supposing that it has ever been held by this court that dram shops, tippling houses, or places where intoxicating liquors are sold by retail and drank, may not, constitutionally, be prohibited. Nor do we remember any case in which it has been held by this court that a city ordinance prohibitory in its character was invalid.

I think the common pleas, in its rulings in the case, committed no errors, and that the judgment should be affirmed.

*J. D. Conner*, for appellant.

*L. H. Goodwin*, for appellee.