## WYSONG v. CITY OF LEBANON.

### [No. 20,270.    Filed June 10, 1904.]

MUNICIPAL CORPORATIONS.—*Cities.*—*Licensing Pool Table.*—Under §3541, subdivision 14, Burns 1901, granting to common councils of cities power to "regulate," "restrain," "license," or "prohibit" the keeping of pool tables for hire, such council had the right to fix a license fee of $250 on such business.

From Boone Circuit Court; *S. R. Artman*, Judge.

Action by the city of Lebanon against Fred Wysong to recover a penalty for the violation of a city ordinance fixing a license fee of $250 on any person keeping and operating a pool or billiard table for gain. From a judgment in favor of said city for $5, the defendant appeals. *Affirmed.*

*A. J. Shelby*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *W. C. Geake*, *L. G. Rothschild* and *C. M. Bonnell*, for appellee.

GILLETT, J.—The question in this case, presented in a variety of forms, is as to the validity of an ordinance fixing a license fee of $250 per annum upon each pool table kept for hire in said city, and providing a penalty for a violation of the provision.

It is urged by appellant's counsel that the ordinance is unreasonable, and that it is not competent to enact a revenue measure under legislative authority to regulate, restrain, or license. By the fourteenth subdivision of §3541 Burns 1901, cities of the general class are authorized "to regulate and restrain all tables, alleys, machines, devices or places of any kind for sports or games, kept for hire or pay, or to prohibit the use of the same, as aforesaid, if deemed expedient, without a license being first obtained therefor; and, if deemed necessary to preserve peace, good order and morality, to prohibit the use of the same, as aforesaid, by the infliction of such penalties as this act will per-

mit, to be provided for by ordinance." The keeping of pool tables for hire is a proper matter for the exercise of the police power possessed by the legislature. Moreover, such business serves no useful end; and while it may, perhaps, in some instances be conducted in such manner as to be innocuous, yet it is often the fact that the places where it is carried on, as was said by Cowen, J., in *Tanner* v. *Trustees, etc.* (1843), 5 Hill 121, 40 Am. Dec. 337, are the "nurseries of vice and crime." In fixing a license fee, even under a mere grant of power to regulate or to license, it is proper to take into account not only the direct expense, but all of the incidental consequences that may be likely to subject the public to cost as a result of the carrying on of the business. Cooley, Taxation, 409; Cooley, Const. Lim. (7th ed.), 283, 709; Burroughs, Taxation, 162; Dillon, Mun. Corp. (4th ed.), §357; *Tenney* v. *Lenz* (1863), 16 Wis. 589; *State* v. *City of Plainfield* (1882), 44 N. J. L. 118. As applied to harmful employments, it is to be inferred that the purpose of granting the power to license was to keep the business in leash, rather than to permit it to flourish. *Emerich* v. *City of Indianapolis* (1888), 118 Ind. 279; *City of Indianapolis* v. *Bieler* (1893), 138 Ind. 30. In *Thomason* v. *State* (1860), 15 Ind. 449, it was decided that the exaction of a license fee of $50 per annum upon the business of retailing intoxicating liquors, under the law of 1859, was a legitimate police regulation.

It was held in *Smith* v. *City of Madison* (1855), 7 Ind. 86, that an ordinance fixing a license fee of $50 per year for the keeping and operating of a bowling alley might be enacted under an authority to suppress or to restrain. It was indicated in that case that the license requirement was imposed as a restraint upon the business.

In *Wiley* v. *Owens* (1872), 39 Ind. 429, it appears that the city of Franklin had passed an ordinance fixing the license fee for retailing intoxicating liquors in said city at

$500 per annum. The ordinance was passed under an authority to regulate and to license the business. It was held that the ordinance was not void, although it might operate incidentally as a tax upon the dealer or the consumer.

In *Sweet* v. *City of Wabash* (1872), 41 Ind. 7, it was decided that the grants of power last referred to did not authorize a city to fix a license fee which would be prohibitory, since such an ordinance would impinge upon another act.

The authority granted the common council respecting the keeping of pool tables for hire is to "regulate," "restrain," "license," or "prohibit." We are not called on to consider a case where the arm of the council is shortened by another statute. Here the enactment which empowers the municipality to license the business in question has given to the corporation the entire gamut of legitimate authority—from the right to regulate to the power to prohibit. It is true that the latter authority is to be exercised by the fixing of penalties, yet, in view of the evident purpose of the legislature to grant to the municipality a broad discretion in the premises, and having in mind the character of the business to which the ordinance relates, we can not say that the imposition of a $250 license fee was without the range of the discretion of the common council. The ordinance offered in evidence by appellant did not nullify the ordinance under which he was prosecuted.

There is no error in the record. Judgment affirmed.