JEWEL THEATER CO. *v.* STATE FIRE MARSHAL.

1. CONSTITUTIONAL LAW — STATUTES—OBJECTS—TITLE—FIRE MARSHAL.

   Act No. 257, Pub. Acts 1913, is properly entitled as "an act to regulate the construction and operation of moving picture shows and theaters showing moving pictures, in which celluloid films are used, to provide for an inspection fee for operating the same, and to place supervision of such shows and theaters under the department of the State fire marshal."[1]

2. SAME—POLICE POWER—FIRES—THEATERS AND SHOWS.

   Its object is single and it effects a valid police regulation, saving and protecting human life and property by prescribing where and how moving picture shows shall be

[1] As to regulations affecting moving picture shows, see note in 40 L. R. A. (N. S.) 193.

conducted. It is prospective in operation and uniform in application.

3. SAME—LOCAL LEGISLATION.

Provisions of the statute prohibiting theaters from exhibiting moving pictures on other than the first or main floor of any building, do not interfere with local legislative authority under the Constitution, and do not conflict with, but properly supplement, an ordinance of the city of Detroit providing that theaters containing a seating capacity of not more than 400 persons and occupied for moving picture shows, etc., not in actual operation at the time of passing the ordinance, shall not be located above the ground floor.

4. THEATERS AND SHOWS—DEMURRER—POLICE POWER.

On demurrer to the bill of complaint of a moving picture theater company which was engaged in conducting moving picture exhibitions at the time Act No. 257, Pub. Acts 1913, was passed, attempting to enjoin the State fire marshal from enforcing the statute, on the ground that it is unconstitutional, defendants' objection that the bill shows complainant to have been conducting a show in violation of law on the second floor of a building, is sustained and the bill dismissed; and the act is *held* to be a valid regulation of a business subject to the police power of the legislature.

Appeal from Wayne; Murphy, J. Submitted November 10, 1913. (Docket No. 147.) Decided January 5, 1914.

Bill by the Jewel Theater Company against John T. Winship, State fire marshal, and others, for an injunction. From an order overruling a demurrer to the bill of complaint, defendants appeal. Reversed.

*Elton R. Nellis (Frank F. Bumps,* of counsel), for complainant.

*Grant Fellows,* Attorney General, and *Samuel D. Pepper* and *Thomas A. Lawler,* Assistant Attorneys General, for defendants.

Act No. 257, passed at the 1913 session, and given immediate effect, is entitled—

"An act to regulate the construction and operation of moving picture shows and theaters showing moving pictures, in which celluloid films are used, to provide for an inspection fee for operating the same, and to place supervision of such shows and theaters under the department of the State fire marshal."

Sections 1, 4, 14, and 20 of the act read, respectively, as follows:

"SECTION 1.   No moving picture machine using celluloid films shall hereafter be installed in any building to which the public is admitted except as hereinafter provided, and no audience room in which exhibitions of moving pictures are given shall hereafter be opened to the public except when in full compliance with the requirements of this act."

"SEC. 4.   The floor of any audience room in which moving picture exhibitions are given shall be the first or main floor of the building in which said room is located.   For the purposes of this act, the first or main floor of any building shall be held to be any floor approximately on the level with the street in front of the main entrance of such room."

"SEC. 14.   Whenever the provisions of this law are not conformed to, or where defects of installation exist, the State fire marshal, assistant State fire marshal or any deputy fire marshal five days after a written notice is served on the proprietor is hereby empowered to cut off all electric current from said room or building and the supply of electric current shall not be restored by any one until all the provisions of this law are complied with."

"SEC. 20.   *Provided, however,* that in municipalities having ordinances providing for the regulation and installation and operations of moving picture machines, nothing herein shall be construed to abrogate such local regulation, but the jurisdiction of the State fire marshal shall in such cases be concurrent with that of the municipal authorities."

In the city of Detroit, it is provided by an ordi-

nance, adopted in 1911, defining the duties and powers of the department of buildings, and establishing a building code for the city, that:

"Any building or such part of any building which shall contain a seating capacity of not more than 400 persons, and which shall be occupied by and used for penny exhibits, phonograph exhibits, nickelodeons, novelty theaters, exhibits of moving pictures and all shows, exhibits and amusements of like character, shall be a *minor theater* within the meaning of this ordinance."

"Minor theaters which are not in actual operation at the time of the adoption of this ordinance, shall not be located above the ground floor of any building within the city limits, nor shall any minor theater contain a balcony or gallery to be occupied by an audience."

Complainant operates a moving picture show on the second floor of a building at No. 30 Woodward avenue, and was there carrying on such business when the said ordinance was adopted, and when the statute was enacted. In July, 1913, it was notified by the State fire marshal to discontinue the use of motion pictures at its theater within five days, attention being especially directed to section 4 of the law. Complainant sought and obtained a temporary injunction against threatened action of the State fire marshal, and seeks to have the injunction made perpetual. To its bill, filed for this purpose, the State fire marshal, by the attorney general, demurred. The demurrer was overruled, with leave to answer the bill, and from the order so made the defendant has appealed. In this court, the ground of demurrer relied upon is that by the bill itself it appears that complainant is conducting a moving picture show on the second floor of a building, and it is therefore disobeying the law.

The range of controversial discussion in the briefs is somewhat broad, complainant insisting, among

other things, that the title of the act does not indicate a purpose to close existing theaters, and, if such a purpose is found in the act, it is invalid; that the statute powers of the State fire marshal and his threatened action invade the right of local self-government; that the duties and powers of the State fire marshal are defined in Act No. 79, Public Acts of 1911 (3 How. Stat. [2d Ed.] § 7883), and that the title of the act in question indicates no purpose to confer other and more extensive powers upon that official, although such powers are in terms conferred.

The brief for appellant states the questions involved to be:

"By the bill of complaint and the demurrer thereto the following propositions of law are necessarily raised:

"(1) Is Act 257 of the Public Acts of 1913 wholly prospective in its operation—that is to say, is its operation confined only to such theaters as are constructed and operated after the passage of the act —or, on the other hand, does it apply to all such theaters alike, whether constructed and in operation before or after the passage of the act?

"(2) There being an ordinance in the city of Detroit relative to the so-called minor theaters, the same being a part of the general building code of the city of Detroit, which ordinance provides that 'minor theaters which are not in actual operation at the time of the adoption of this ordinance, shall not be located above the ground floor of any building within the city limits, nor shall any minor theater contain a balcony or gallery to be occupied by an audience,' and section 20 of Act 257 of 1913 containing the provision, 'Provided, however, that in municipalities having ordinances providing for the regulation and installation and operation of moving picture machines, nothing herein shall be construed to abrogate such local regulation, but the jurisdiction of the State fire marshal shall in such cases be concurrent with that of the municipal authorities'—in view of these two provisions, the one in the local ordinance, and the other in the State law, does the State law have any

application to the subject-matter within the city of Detroit?"

OSTRANDER, J. *(after stating the facts).* The act in question embraces a single object, which is expressed in its title. Its provisions do not conflict with the local regulation to which attention has been called, and the act is a valid exercise of the police power of the State. Its object is to save human lives and property by prescribing where and how moving picture shows shall be conducted. There is nothing in the act which is not calculated to accomplish its object, nothing which is not germane to the legislative purpose expressed and suggested in the title. It does not conflict with the local regulation, but goes further. It disturbs what the local regulation does not disturb, namely, moving picture shows conducted on floors of buildings above the first floor. The local regulation is not abrogated, but is supplemented. The local regulation conferred upon complainant no right to give such exhibitions on the second floor of a building. It did not disturb it there. The statute is prospective in its operation and uniform in its application. If the business of giving moving picture shows was innocuous in itself, and if the reasonableness of the particular regulation with which we are concerned was questioned, a different question might be presented. The business is innocuous in so far as it is true that, if neither an explosion nor a fire attends it, it is not harmful to life, limb or property. But the general reasonableness of a regulation forbidding the giving of such shows on other than the first floors of buildings is not questioned. And we may take notice of the fact, which experience has demonstrated, that peculiar hazards attend the handling and exposing of the films in the giving of exhibitions; that the hazard to human life and limb is increased as the means of exit from the places of ex-

hibition are limited. Regulation, in such a case, extends as well to designating the place where a thing may be done as to prescribing the way in which it may be done. If the public safety or welfare demands that a particular business shall not be conducted in a particular place, the legislative power may be exercised to prevent it. Generally it is by experience only that the necessary regulations of business are indicated, and the legislative power is not limited because the thing which experience has demonstrated should not continue is continuing when the legislature speaks. In effect, but not in terms, the legislature has declared that moving picture exhibitions, unless given under the restrictions of the act, are nuisances, and it has provided that after notice to proprietors all electric current may be cut off from the rooms and buildings by the State officers designated in the act. We are of opinion that the bill of complaint establishes that complainant is conducting an exhibition in violation of law.

The order overruling the demurrer is reversed, an order will be entered in this court sustaining the demurrer, and the record will be remanded to the court below.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, STEERE, and MOORE, JJ., concurred.