JEUP v. STATE FIRE MARSHAL.

1. CONSTITUTIONAL LAW — THEATERS — FIRE INSPECTION — LOCAL ACTS—SPECIAL LEGISLATION.

A statute regulating the operation and construction. of theaters and moving picture shows, providing for inspection by the State fire marshal and the issuance of a license, is not local legislation in conflict with the provisions of the Constitution forbidding the enactment of local or special acts or the constitutional requirements for municipal charters and local self-government. (Act No. 257, Pub. Acts 1913.)[1]

[1] As to regulations affecting moving pictures, see note in 40 L. R. A. (N. S.) 193.

2. APPEAL AND ERROR—CONSTITUTIONAL QUESTIONS—PLEADING.
  Questions relating to the constitutionality of a legislative enactment, not presented to the trial court in the bill of complaint filed to enjoin the enforcement of the statute, will not be considered on appeal unless the record in some manner discloses that the points were raised in the trial court.

Appeal from Wayne; Hally, J.   Submitted June 15, 1914.   (Docket No. 96.)   Decided July 25, 1914.

Bill by Peter Jeup and others against John T. Winship, State fire marshal, and others, for an injunction.   From an order overruling a demurrer to the bill of complaint, defendants appeal.   Reversed.

*May & Dingeman,* for complainants.

*Grant Fellows,* Attorney General, and *F. Carew Martindale,* Assistant Attorney General, for defendants.

KUHN, J.   The complainants are the owners of a lease of certain premises situate in the city of Detroit being operated as a picture and vaudeville theater. The defendant Winship is the State fire marshal, the defendant Robinson is assistant fire marshal, defendants Shaffer and Walker are State fire deputies, and the defendant Dupont is the city building inspector of the city of Detroit.   The defendants insist that the premises are subject to inspection under Act No. 257 of the Public Acts of 1913.   The complainants, by their bill, assail this act as conflicting with their constitutional rights, on the following grounds:

(1) Because it is in violation of article 5, section 30, of the revised Constitution, which provides that "The legislature shall pass no local or special act," etc.; (2) because it is in violation of the right of local self-government of the city of Detroit; (3) because it is in violation of article 8, section 20, of the revised Constitution, which provides for "A general law for the incorporation of cities," etc.; (4) because it is

in violation of article 8, section 21, of the Constitution, which provides, "The electors of each city and village shall have power and authority to frame, adopt and amend its charter," etc.

Complainants seek a permanent injunction against the threatened action of the defendants to close their theater. To this bill the defendants, by the attorney general, demurred. The demurrer was overruled, and from this order defendants appeal. The learned circuit judge was of the opinion that matters of fire and fire protection are matters of purely local concern, relying upon the case of *Davidson* v. *Hine,* 151 Mich. 294 (115 N. W. 246, 15 L. R. A. [N. S.] 575, 123 Am. St. Rep. 267, 14 Am. & Eng. Ann. Cas. 352), as authority for this conclusion. In that case the court had under consideration the validity of a local act, with reference to the establishment of a bureau of public safety in the city of Bay City, providing that its membership should be appointed by the governor. The case turned upon the power of the State to take from the people the selection of such a board and place it in the hands of the governor. The question of whether Act No. 257, Pub. Acts 1913, which is not a local act, and which is a regulatory, licensing enactment under the police power of the State, is in conflict with the right of local self-government, was passed on by this court in the recent case of *Jewell Theater Co.* v. *State Fire Marshal,* 178 Mich. 399 (144 N. W. 835). It was decided that the act was a valid exercise of the police power of the State by the legislature.

In the brief of complainants there are raised the questions that the inspection fee is excessive, and that the act is invalid because there is lodged with the fire marshal a certain amount of discretion as to the number of inspections he may see fit to make. There is no intimation in the bill of complaint, nor can we find from the record, that these questions were raised in the court below, or relied upon until this case reached

this court. Under these circumstances we will not now consider these questions.

The order overruling the demurrer is reversed. An order will be entered sustaining the demurrer, and the record will be remanded to the court below.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.