Olson, Plaintiff: Caeredes, Plaintiff and Appellant, vs. City of Platteville and others, Defendants and Respondents.

*November 9—December 5, 1933.*

348

*Harry E. Carthew* of Lancaster, for the appellant.
*E. E. Burns,* city attorney, and *A. W. Kopp* of Platteville of counsel, for the respondents.

FAIRCHILD, J. The ordinances by their terms include all moving picture houses within the city limits and provide a safety requirement applicable to each such building. There is no attempt at classification by way of setting apart one group of moving picture theaters from another. "Order 5100," embodied in the ordinance, is a lawful requirement as to certain types of building construction. It is a part of the building code of the state of Wisconsin. The appellant admits his building does not satisfy the specifications of the ordinances, but claims that he complied with general orders applying to existing buildings made by the Industrial Commission in effect September 30, 1915, and orders amendatory thereof; that on August 14, 1929, the premises in question, being then in use as a moving picture theater, were inspected by the Industrial Commission, and a certificate of inspection was issued requiring the making of certain changes; that thereafter and on or about September 25, 1931, plans for the repair of the building to meet these requirements of the Industrial Commission were submitted to the commission. The plans were approved and were put into effect. The building thereafter was duly inspected February 9, 1932, and the Industrial Commission approved of the changes as complying with its requirements of August 14, 1929. On February 11, 1932, the commission issued a written notice that the changes suggested at the time of inspection had been made. Copies of these orders and notices were filed with the city clerk.

It is urged that the ordinances were "local orders" as defined by ch. 101, Stats., and were amended and modified by the general orders of the Industrial Commission contained in its "General Orders on Existing Buildings," and therefore the ordinances are not enforceable, are invalid and void. These contentions are contrary to the purpose of ch. 101. That chapter is the law creating the Industrial Commission and it provides for the building code. The

accepted interpretation of that law is that the safety require-
ments of the commission are to be considered as minimum
requirements. The building code is to be accepted as a
foundation on which to build other safety regulations by
local authorities when reasonably necessary in situations in
which a city may act. There is no conflict between any of
the "general orders" or requirements of the building code
and the ordinances in question. City ordinances go more
into detail and may include severer regulations, when reason-
ably necessary, than those of the state code. Had not the
city of Platteville adopted the ordinances here challenged,
appellant's compliance with the "inspection requirements"
in repairing his building would have been sufficient to entitle
him to operate a moving picture show in it. But the city
having required more in the way of protection against fire
than was required by the rule of the commission, and the
requirement being within the power of the city, the appel-
lant cannot conduct his theater except in a building in which
the construction meets the demands of the ordinances. The
safety requirements fixed by the commission have been in-
creased, but the increased requirements have in no sense
of the word run counter to the state requirements. The
city moved in the same direction the commission did; it has
gone farther but not counter to the building code. 3 McQuil-
lin, Mun. Corp. § 894. Order No. 5004 of the Wisconsin
state building code reads:

"This code shall not limit the power of cities, villages, and
towns to make or enforce additional or more stringent regu-
lations, provided the same do not conflict with this code or
with any order of the Industrial Commission."

Sec. 101.13, Stats., declares that all orders of the Indus-
trial Commission in conformity with law shall be *prima
facie* lawful and in force, and *prima facie* reasonable and
lawful until they are found otherwise in an action brought
for that purpose. The ordinances are more exacting than

the orders applying to existing buildings, but do not exceed order 5100 of the building code and certainly are not at cross-purposes with it.

The city of Platteville is a city of the fourth class and has such powers as were conveyed to it by the legislature in sec. 62.11 (5) of the Statutes. This gave to the council the management and control of city affairs, including the power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, or welfare of the public, and authorized the carrying out of these powers by license and other necessary or convenient means. The standard of a fireproof building as described in order 5100 of the state building code is not unreasonable, and it is not unreasonable to require appellant, who proposes to exhibit his performances to a large number of people, to use a building of that character. One conducting such entertainments and permitting assemblages in a building less safe, when interfered with to this reasonable extent, has not suffered any impairment or destruction of any inherent right. The regulation of theaters, in the matter of fixing standards for fire protections, is a proper field for action by municipal authorities. There being reasonable basis for legislative activity in respect to the matter dealt with, the matter is well within the field of regulation. "Given a subject in respect to which there is some reasonable necessity for regulation, fair doubt in respect thereto being resolved in favor of the affirmative, in case of the legislature having so determined, the degree of exigency is a matter wholly for its cognizance." *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882; *Maercker v. Milwaukee,* 151 Wis. 324, 139 N. W. 199; *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82. It appears that the city has not exceeded its power in enacting the ordinances under consideration and that they are consistent with state requirements rather than in opposition thereto.

Among the other errors assigned by appellant there is but one that it is necessary to consider. The respondents asked in a cross-complaint against appellant for an injunction restraining the future operation of the building as a moving picture theater, alleging that it was a nuisance. The question thus raised relates to the right of a municipality to enforce its ordinances by injunction. The demurrer of appellant was specifically upon the ground that the cause of action was not properly pleadable as a cross-complaint, and while the state of the record may justify a consideration of the point thus raised, the record shows a consideration by the circuit court of all the issues raised by material allegations, and it is such that the rights of those involved in the litigation may be protected by a judgment in this action affecting the proper parties. We are satisfied that the cross-complaint states no cause of action and will limit our discussion to a demonstration of that conclusion.

The cross-complaint is based upon the assumption that a municipality may maintain an action to enjoin continued violations of its ordinances. This is contrary to the general rule. The evidence does not support a finding that the building is a nuisance. The attitude of appellant as expressed in repeated violations of the ordinances, while suggesting defiance and rendering him liable to prosecution, does not create a condition to be reached by injunction.

The cases relied upon by respondents, where the question of the right to an injunction by public authorities to enforce ordinances was involved, require the establishment of the element of nuisance as a necessary adjunct to the granting of such relief. This rule is appreciated by the learned counsel for the respondents, for he argues vigorously in support of the conclusion of the trial court that the building is within the fire limits of the city of Platteville, and by reason of its construction and present condition, its operation as a theater in violation of law is a nuisance. But it does not

have the character of a nuisance *per se*. In *Waupun v. Moore,* 34 Wis. 450, an ordinance prohibited the erection of wooden buildings within certain specified limits and imposed a penalty for its violation. In denying the injunction it was there held that, because the building was not a nuisance, equity would not lend its aid to enforce by injunction the ordinances of a municipal corporation. The general rule is that unless an act is shown to be a nuisance *per se,* an injunction to aid in the enforcement of a city ordinance will not issue. In *Janesville v. Carpenter,* 77 Wis. 288, 46 N. W. 128, in an action brought by the city to restrain the erection of a building in violation of a city ordinance, an injunction was also denied. The court there followed the same rule laid down in the *Waupun Case.* In *Holzbauer v. Ritter,* 184 Wis. 35, 198 N. W. 852, where the principle was discussed, the court, in distinguishing the *Waupun* and *Janesville Cases* from the facts in that case, said :

"We do not think that these decisions go farther than to hold that a municipal corporation may not seek equitable relief to enforce its own ordinances. They have a perfectly adequate remedy at law by bringing actions to enforce the penalties prescribed." See, also, cases collected in 41 L. R. A. 321, 328.

The trial court also found that the continued operation of the theater in defiance of law would cause a multiplicity of suits and that the city had no adequate remedy at law for suppressing the same.

As pointed out in the cases cited, the remedy of injunction is not ordinarily available for the mere violation of a municipal ordinance. This relief does not appear ever to have been granted except where the violation amounted to a nuisance *per se*. It is urged that the broad terms of the statute empowering cities and villages to act and enforce ordinances by "suppression, confiscation and other convenient

means," places within their control the choice of remedies. We do not believe an interpretation of that section (62.11) is warranted which would give to the different municipalities the right to create remedies to be applied by the courts. The ordinances here involved provide the penalties for violations and the city is thus limited to enforcing the penalties prescribed. Therefore the relief sought by the city in its cross-complaint must be denied.

*By the Court.*—The judgment of the circuit court, so far as it upholds the validity of the ordinances, is affirmed; its grant of an injunction upon the city's cross-complaint is reversed. Appellant to have his costs.