## HOLLYWOOD THEATRE CORPORATION *v.* CITY OF INDIANAPOLIS ET AL.

[No. 27,500. Filed May 22, 1941.]

*Weiss, Born & Weiss,* of Indianapolis (*Jacob Weiss* and *Ezra Weiss,* both of Indianapolis, of counsel), for appellant.

*Edward H. Knight,* Corporation Counsel, *Michael B. Reddington,* City Attorney, and *Oscar C. Hagemier,* Assistant City Attorney, all of Indianapolis, for appellees.

RICHMAN, J.—Under certain ordinances included in its Building Code and Municipal Code adopted in 1925, and amendments thereto, the City of Indianapolis required of appellant a license fee for operating its moving picture theater and that its building be inspected for compliance with regulatory provisions, some of which were designed to prevent fire hazards. The State Fire Marshal is given certain authority with respect to moving picture theaters by § 7 of ch. 192 of the Acts of 1913 as amended by § 2 of ch. 115 of the Acts of 1927 (§ 20-807, Burns' 1933, § 9521, Baldwin's 1934) and by ch. 83 of the Acts of 1937 (§ 20-1001 to § 20-1013, Burns' 1933 [Supp.], § 4594-1 to § 4594-13, Baldwin's Supp. 1937). He promulgated rules and regulations and required payment by appellant of a license fee fixed by the latter statute. Appellant brought this action against the city and certain of its administrative officers for a declaratory judgment to the effect that the statutes by implication repealed the regulatory provisions of the ordinances so that appellant is not amenable thereto. The State Fire Marshal was not made a party. The

evidence was stipulated and includes transcript of all Indianapolis ordinances deemed by either party to be material. The court found that most of the provisions of the codes, including those requiring the license fees, were not so repealed but that a classification basis provided by the Act of 1937 was inconsistent with and superseded the classification schedule contained in the city's code. Judgment was rendered accordingly. Appellant filed motion for new trial which was overruled. This appeal followed.

Appellant concedes that the ordinances under review are valid unless so repealed. There was no motion below and there is no request here to modify the judgment. We are not asked to pass on the validity of the statutes or of the State Fire Marshal's regulations or orders. Appellant stands on the proposition that the statutes have placed in a state administrative body the power to regulate, to the exclusion of the city, the construction and operation of moving picture theaters in every detail which, but for the statutes, could be regulated by the city under its existing codes.

Appellees contend, first, that both schemes of regulation may co-exist and that only when there is conflicting and more stringent regulation by the state must the city yield its power; second, that the statutes expressly limit the State Fire Marshal to the narrow field of prevention and control of fire hazards, while the ordinances cover the additional fields of safety, health and public morals, which together, and independent of regulation with respect to fire hazards, are a sufficient foundation for the imposition of the license fees, and, third, that the Act of 1937, if it be given the effect ascribed to it by appellant, is an unconstitutional delegation of legislative power.

It is not necessary to consider the third reason for the judgment may be sustained on either of the other grounds. So the trial court evidently held as indicated by the language of the judgment.

In conformity with the principle first stated, the judgment carefully eliminated all sections of the codes which contained conflicting and less stringent regulations than those contained in the Act of 1937 and sustained only the remaining sections. For this there is ample authority: *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 23 N. E. (2d) 590, 594; *Spitler* v. *Town of Munster* (1938), 214 Ind. 75, 14 N. E. (2d) 579, 115 A. L. R. 1395; *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631, 638, 80 N. E. 632, 120 Am. St. Rep. 385, 14 L. R. A. (N. S.) 787; *Sweet* v. *City of Wabash* (1872), 41 Ind. 7, 12; *Zalk & Josephs Realty Co.* v. *Stuyvesant Ins. Co.* (1934), 191 Minn. 60, 253 N. W. 8, 12; McQuillin *Municipal Corporations* (2d Ed.), § 875(8) and (9); 43 C. J. *Municipal Corporations,* §§ 217-220.

Neither the Act of 1913 as amended nor the Act of 1937 purports to confer upon the State Fire Marshal the exclusive power to regulate moving picture theaters, even as to fire hazard. By the first section of the 1913 Act it is made his duty to enforce "the ordinances of the several cities and towns in Indiana" providing for prevention of fires, which expressly recognizes the continued validity of such ordinances. His authority to make rules and regulations by the case of *Town of Kirklin* v. *Everman* (1940), 217 Ind. 683, 29 N. E. (2d) 206, is held not to include legislative power and certainly could not extend beyond the purview of the Act giving him that authority. § 20-807, *supra,* in the strictest of language confines him to the

field of fire prevention and the Act of 1937 has no language extending that field.

It is well established that the moving picture industry is subject to the police power in the interest of public morals, health, and safety and that the buildings ██ and the shows given therein may be regulated and the operators thereof required to pay license fees to defray the cost of inspection and such regulation. The strength of walls, floors and roof, the placing of exits, plumbing, lighting, and many other details included in the City's Codes have to do with safety other than from fire hazard. Other provisions are obviously in the interest of public morals. It would serve no good purpose to set out the provisions of the several sections of these ordinances. They fully justified the requirement of license fees irrespective of inspection and regulation to prevent fires. See *Mutual Film Corp.* v. *Kansas* (1915), 236 U. S. 248, 35 S. Ct. 393, 59 L. Ed. 561; *Jewel Theater Co.* v. *Fire Marshal* (1914), 178 Mich. 399, 144 N. W. 835; *Hale* v. *State* (1928), 217 Ala. 403, 116 So. 369, 58 A. L. R. 1333; *Thayer Amusement Corp.* v. *Moulton* (1939), —. R. I. —, 7 A. (2d) 682, 124 A. L. R. 236, 241; *Olson* v. *City of Platteville* (1933), 213 Wis. 344, 251 N. W. 245, 91 A. L. R. 308; 62 C. J. *Theaters,* § 21, § 24, § 26, p. 852, p. 854, p. 855; 43 C. J. *Municipal Corporations,* § 205, p. 206; 17 R. C. L. *Licenses,* § 63, p. 548.

The contention that a license may not be required of the operator of any private business unless it is a nuisance *per se* goes to the validity of the ordinances in the first instance, which question is beyond the narrow issue made by the complaint. The argument may have been valid as to private hospitals in 1880, although the cited case of *Bessonies* v. *City of Indianapolis*

(1880), 71 Ind. 189, was correctly decided on other grounds so that the language with reference to nuisances was not necessary to the decision. But times have changed. A moving picture theater in 1940 unquestionably is subject to the police power. *Higgins* v. *Lacroix* (1912), 119 Minn. 145, 137 N. W. 417, 41 L. R. A. (N. S.) 737; *Mutual Film Co.* v. *Industrial Comm. of Ohio* (N. D. Ohio, 1914), 215 F. 138, aff'd 236 U. S. 230, 59 L. Ed. 552, 35 S. Ct. 387; 17 R. C. L. *Licenses,* § 28, p. 503; 62 C. J. *Theaters & Shows,* § 7. We find nothing in the other cases cited by appellant even suggesting a conflict with this view. One of them is *Medias* v. *City of Indianapolis, supra.* On the principles stated in this case alone we would be justified in affirming the judgment.

Judgment affirmed.

NOTE.—Reported in 34 N. E. (2d) 28.