Zeller *v.* The City of Crawfordsville.

No. 10,688.

## ZELLER *v.* THE CITY OF CRAWFORDSVILLE.

INTOXICATING LIQUOR.—*Cities.*—*Crimes.*—*Criminal Law.*—*Statute Construed.* —Selling liquor without a city license is not a public offence by statute, and section 1640, R. S. 1881, does not forbid punishment therefor under an ordinance of the city.

SPECIAL FINDING.—*Agreed Facts.*—*Statute Construed.*—*Supreme Court.*—A special finding of facts made by the court without request is not governed by section 551, R. S. 1881; nor is an agreement as to the facts, which is used merely as evidence upon the trial, an agreed case under section 553, upon which an exception to conclusions of law will present any question to the Supreme Court.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*A. Campbell* and *E. C. Snyder,* for appellee.

BICKNELL, C. C.—This was an action before the mayor of Crawfordsville to recover a penalty for the violation of a city ordinance. The ordinance provides that any person who shall sell, barter, or give away, within the city limits, or within two miles thereof, any spirituous, vinous or malt liquors, in a less quantity than a quart at a time, to be used or drunk on the premises, without having first procured from the clerk of the city a license so to do, shall, on conviction thereof, forfeit and pay a penalty of not less than ten nor more than fifty dollars for each offence.

The ordinance was passed in 1878. This action was commenced in 1882. The complaint alleged a violation of the ordinance on the 18th of January, 1882. The mayor rendered judgment for $10 against the defendant, who appealed to the circuit court. There a motion by the defendant to dismiss the action was overruled, and upon an agreed statement of facts the court found for the plaintiff $10.

The defendant made no motion for a new trial, but excepted to the finding and judgment, and to the alleged conclusions of law. On appeal to this court he assigns errors as follows:

1. Overruling the motion to dismiss the suit.

2. Error in the finding and conclusions of law upon the agreed statement of facts, and in rendering the judgment.

The only objection made to the complaint is that the act made penal by the ordinance is a misdemeanor by the State law, and that therefore the ordinance is void under section 1640 of the R. S. 1881.

Said section provides that " Whenever any act is made a public offence against the State by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offence as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the State law only."

The act made penal by the ordinance in question is selling, etc., without a city license.   This act is not punishable as a crime by any statute of the State.   The State punishes by fine and by imprisonment the act of selling, etc., without a license from the county commissioners, but does not punish the act of selling, etc., without a city license.   R. S. 1881, sections 5312, 5320.   Cities have a right to regulate and license all shops and other places kept for the sale of liquors to be used in and upon the premises.   R. S. 1881, section 3106, clause 13, and section 3154.   They had this right when the ordinance in controversy was adopted.   Acts 1873, p. 50. There was, therefore, no error in overruling the motion to dismiss the action.

The other error assigned presents no question.   Where, at the request of any of the parties, the court makes a special finding of the facts, and states conclusions of law thereon, under section 551, R. S. 1881, an exception to the conclusions of law will present the questions.   *Smith* v. *Davidson*, 45 Ind. 396.   But a finding by the court, not made at the request of any of the parties, is not a special finding under said section 551. *Northcutt* v. *Buckles*, 60 Ind. 577 ; *Caress* v. *Foster*, 62 Ind. 145.

And where there is a trial by the court, under section 553,. R. S. 1881, upon an agreed statement of facts made out and signed by the parties, and accompanied by an affidavit, an exception to the decision at the time it is made will be sufficient. without any motion for a new trial. *Fisher* v. *Purdue*, 48 Ind. 323; *Carlton* v. *Cummins*, 51 Ind. 478; *Martin* v. *Martin*,. 74 Ind. 207. But where, as in the present case, the proceeding is not under section 551, *supra*, nor under section 553,. *supra*, and the agreed statement is used merely as the evidence, no question is presented by a mere exception to the finding and judgment, nor by an exception to alleged conclusions of law. *Slessman* v. *Crozier*, 80 Ind. 487; *Lofton* v. *Moore*, 83 Ind. 112. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant..