## COOPER v. CITY OF GREENFIELD.

[No. 20,910.    Filed April 24, 1907.    Rehearing denied June 27, 1907.]

1. CRIMINAL LAW.—*Intoxicating Liquors.*—*Licenses.*—*State.*—*Municipal Corporations.*—Under §1709 Burns 1901, §1640 R. S. 1881, providing that municipal ordinances making penal a crime against the State, shall be void, a prosecution for selling liquor without a state license does not bar a prosecution for making the same sale without a city license.  p. 15.

2. MUNICIPAL CORPORATIONS.— *Ordinances.* — *Supplementing State Laws.*—Municipal corporations may be authorized to pass ordinances to supplement the state laws.  p. 16.

3. CRIMINAL LAW.—*Intoxicating Liquors.*—*Sales in Drug Stores.*— *Power of Cities to Punish.*—Municipal corporations have no right, under an ordinance making it punishable to sell intoxicating liquor without a city license, to prosecute a druggist for selling liquor without a prescription from a reputable practicing physician, since such act is punishable by state law (§7283j Burns 1901, Acts 1895, p. 248, §9½).  p. 16.

4. MUNICIPAL CORPORATIONS.—*Intoxicating Liquors.*—*Licenses.*— *Drug Stores.*—Municipal corporations have no power to license druggists to sell intoxicating liquors.  p. 17.

From Hancock Circuit Court; *Eugene H. Bundy,* Special Judge.

Prosecution, by the City of Greenfield, against Ross A. Cooper.    From a judgment of conviction, defendant appeals.    *Reversed.*

*Arthur C. Van Duyn* and *William A. Hough,* for appellant.

*William C. Welborn,* for appellee.

HADLEY, J.—The common council of the city of Greenfield passed an ordinance imposing a penalty of $100, to be recovered by the city, upon anyone who sold, within the city limits, a less quantity than a quart at a time of intoxicating liquors to be drank upon the premises, the seller not having a license from the city to make such sale.    Founded upon this ordinance the city, in September, 1904, commenced this action against defendant, alleging in its complaint that the defendant did violate the ordinance by sell-

ing to Oriel C. Wiley, within the corporate limits of the city, one pint of intoxicating liquor, to wit, beer, at and for the price of ten cents, to be drank upon the premises where sold, said defendant not then and there having a license from said city to sell intoxicating liquors to be drank upon the premises where sold within the corporate limits of said city. A demurrer to the complaint was overruled, and the defendant answered that the sale of intoxicating liquor, alleged to have been made by the defendant, was a sale of a less quantity than a quart; that said sale was made in a drug store, and was not made on the written prescription of a reputable practicing physician; that for said sale of liquor the defendant was, at the time of the filing of the plaintiff's complaint, liable to a prosecution and punishment under a statute of the State. A demurrer to the answer was sustained, and, the defendant refusing to plead further, judgment was rendered against him for $100 and costs, from which he appeals.

There is but one question in the case, namely: Do the facts set forth in the answer constitute a punishable offense against the State?

In 1881 the legislature passed a law to the effect that whenever any act is made a public offense against the State by any statute, and punishment prescribed therefor, such act shall not be made punishable by an ordinance of any incorporated city or town, and any such ordinance shall be null and void. §1709 Burns 1901, §1640 R. S. 1881. Under this statute it is well settled that liability to a prosecution by the State for selling intoxicating liquors in less quantities than a quart, without a license from the State, will not avoid or affect a prosecution by a city or town for such sale without a license from the city or town. *Clevenger* v. *Town of Rushville* (1883), 90 Ind. 258; *Zeller* v. *City of Crawfordsville* (1883), 90 Ind. 262; *Sloan* v. *State* (1847), 8 Blackf. 361. The principle upon which these cases rest is that in regulating the sale of intoxicating

liquors, by an exercise of the police power, there is nothing inconsistent or improper in the legislature's bestowing upon incorporated cities and towns authority to take part in the matter of regulating such traffic, provided the municipality shall adopt no regulation in conflict, or incompatible, with the enforcement of the regulations adopted by the General Assembly. 1 Dillon, Mun. Corp. (4th ed.), §366. See, also, a large number of cases collected in note to McQuillin, Mun. Ordinances, §16.

The enabling of municipalities to supplement the state laws in localities where the state regulation proves ineffectual, tends to give flexibility and efficiency to the general regulation system, and the power to regulate, may, therefore, advantageously coexist in the State and in the incorporated cities and towns. §3477 Burns 1905, cl. 40, Acts 1905, pp. 219, 246, §53; *Wagner* v. *Town of Garrett* (1889), 118 Ind. 114; *City of Frankfort* v. *Aughe* (1888), 114 Ind. 77; *Rowland* v. *City of Greencastle* (1902), 157 Ind. 591. So in the cases of *Clevenger* v. *Town of Rushville, supra,* and *Zeller* v. *City of Crawfordsville, supra,* it is held that there is nothing inherently illegal in the sale of intoxicating liquors in a less quantity than a quart, but the public offense against the State consists in its sale without permission or license by the State. It is, therefore, not an offense against the State to sell without a city or town license. Hence a prosecution by a city or town, for a sale forbidden by a municipal ordinance, is not within the inhibition and protection of §1709, *supra,* against dual punishment for the same offense. See, also, *City of Frankfort* v. *Aughe, supra; Sloan* v. *State, supra.*

But this does not dispose of the case. The contested answer sets up that the sale referred to in the complaint was made in a drug store, without the written prescription of a reputable practicing physician, and consisted of one pint of beer for the price of ten cents. In 1895 the following statute was enacted:

"It shall be unlawful for any spirituous, vinous or malt liquors to be sold or given away in any drug store in any quantity less than a quart at a time, except upon the written prescription of a reputable practicing physician. Any person violating any of the provisions of this section shall be fined," etc. §7283j Burns 1901, Acts 1895, p. 248, §9½. This statute is general in its operation, and applies to every drug store in the State. And here it may again be said that the offense denounced by the statute is not the sale of intoxicating liquors in less quantities than a quart, but it is the consummation of the sale in a particular place. The statute is manifestly aimed at the bibulous commerce of back rooms masquerading under the name of drug stores.

The city can claim the penalty sued for, only upon the assumption that it could have made the defendant's act legal by previous permission or license to do it. This it could not have done. It is quite certain that it could not, by its license, have legalized a sale of intoxicating liquors in a drug store, without a prescription, in the face of the statute. To hold otherwise would be equivalent to holding that the city, by its ordinance, may override the act of the General Assembly. No court holds such doctrine. Ordinances are void, says Mr. Dillon, "whenever they are repugnant to, or inconsistent with, the general law of the land." 1 Dillon, Mun. Corp. (4th ed.), §366; *State* v. *Lindsay* (1879), 34 Ark. 372.

The judgment is reversed, with instructions to overrule the demurrer to the answer, and for further proceedings in accordance with this opinion.

Judgment reversed.