## MURDICK *v.* CITY OF MUNCIE.

[No. 25,794. Filed July 2, 1929.]

*F. F. McClellan, D. D. Hensel* and *L. A. Guthrie,* for appellant.

*George H. Koons,* for appellee.

TRAVIS, J.—This cause is an appeal from the amount of a sewer assessment levied by the board of public works of appellee city, to the Delaware Superior Court. The question on the appeal to this court arises upon the ruling of the court below, dismissing the cause for want of jurisdiction. The reason assigned for the dismissal is that the appeal was taken from the action by the board of public works in confirming the assessment roll (§10569 Burns 1926, Acts 1915, ch. 160, p. 608) under §10344 Burns 1926 (Acts 1919, ch. 143, p. 635). The board of works confirmed the assessment roll July 20, 1923; appellant filed his written petition, which was not verified, in the Delaware Superior Court July 30, 1923. Appellant asserts in his brief that the appeal from the action of the board of public works, whereby the board confirmed the assessment roll, was taken pursuant to the provisions of the statute, §10344, *supra,* and asserts, as a proposition of law, "These statutes authorizing appeals from sewer assessments (which refer to the two sections of statutes, viz., §§10344 and 10569 Burns 1926) were not passed at the same session of the legislature, but were passed several years apart, the first (§10569) being adopted in 1905, and the general statute (§10344) in 1919; hence the rule of construction that two statutes passed at the same session of the legislature shall be construed together so that each may be given the full force and effect evidently intended by the legislature,

especially if one of the acts can be said to be cumulative, cannot apply to the two statutes here under consideration." The infirmity in appellant's proposition, which is crucial in the case, is that it begs the question. It is plain that the statute, §10344, does not authorize an appeal from a special assessment of benefits in the assessment roll; it, by its first sentence, clearly shows that it has reference solely to appeals which were "allowed" at the time of the taking effect of the statute or to appeals which may thereafter be allowed "by law." It is plain that this statute is one which provides a method of procedure on appeals; and that it does not grant a right to appeal, but is operative only where the right of appeal has been granted "by law."

Appellant asserts, as a proposition of law, that Acts 1919, ch. 143, of which §10344, *supra*, is a part, in express terms purports to repeal all laws or parts of laws in conflict therewith, and submits that the method of appeal provided by §10569, *supra*, was repealed as to any provisions of the same which are in conflict with §10344, *supra*; and that the two sections are inconsistent and irreconcilable, and therefore §10344, *supra*, must prevail as to appeals from sewer assessments, based upon the rule of statutory construction, as stated by him in his brief, viz., that it is the last expressed will of the Legislature that prevails. Appellant is in error in stating his premises; §10569, *supra*, does not grant an appeal to the circuit or superior court of the county from an assessment of special benefits, made by the board of public works in a public sewer improvement. The written verified petition, for the causes named in the statute, merely sets the court in motion as a ministerial agency to appoint three disinterested freeholders to reassess such benefits, and make report in writing to the court of their action, and file a copy of the report with the board of public works. The court has nothing to do judicially

with the report; it cannot alter, change, modify or set aside the report, for the plain reason that such report shall be final and conclusive on all parties thereto. The only possible reason for requiring the report to be filed with the court is to advise the court if the assessment complained of has been reduced 10 per cent, and, if not, then the court renders judgment for costs against the petitioner, upon such report, as a finding. The statute, §10569, *supra*, does not grant an appeal to the courts, from which it must be concluded that the statute, §10344, has nothing in the case at bar to govern or control, or to which it may be applied. The theory of appellant's action in the court is that such action is an appeal from the assessment, and that he follows the procedure to take such appeal provided by §10344, *supra*. This he could not do. Had appellant's position been, as to the theory of his case, that he attempted to show by petition to the court "that the amount so assessed against such lot or parcel of land is excessive, and that such real estate is not benefited by such improvement in such amount [as assessed]" pursuant to statute, §10569, *supra*, he must fail, because the law requires that he file his written verified petition in the court, which he did not do; the petition lacked verification. The ground and reason in appellee's petition to the court below to dismiss the proceeding is that a review of the assessment must be made as provided by §10569, *supra*, and that the petition is fatally defective because it is not verified. The two sections of the statute are not subject to be construed together; they treat of different things: the one, a procedure upon appeal, the other, a special method of review of the amount of a sewer assessment, which is not judicial in any greater degree than the finding of the original assessment was judicial. To apply §10344 and use it in the case at bar, it must follow that there be a judicial hearing and a judicial finding upon the merits of

the sewer assessment. The laws under consideration do not warrant or permit such a judicial proceeding as contemplated by appellant's petition to the lower court, according to the theory as set forth in his brief. §10569, *supra*, is not repealed by Acts 1919, ch. 143, which contains §10344, *supra*.

This appeal is from the judgment below which dismissed appellant's petition for lack of jurisdiction. The trial court did not err by sustaining appellee's motion to dismiss the cause of action.

Judgment affirmed.