CITY OF GARY *v.* ROPER.

[No. 25,999.   Filed March 4, 1931.]

*Harry P. Sharavsky, Frederick C. Crumpacker, Edwin H. Friedrich* and *Jay E. Darlington,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

ROLL, J.—The board of public works of the city of Gary on July 19, 1926, after proper preliminary proceedings, confirmed an assessment roll for the construction of a sewer in said city. Appellee owned two separate pieces of real estate that were assessed as benefited for the construction of said sewer. Appellee appeared before said board on July 19, 1926, and filed his written remonstrance with said board, protesting the amount of the assessment levied against his land, for the reason that his said land was not benefited by the construction of said sewer. The board found against appellee and confirmed the assessment roll.

On July 26, 1926, appellee filed in the Lake Superior Court, Room 1, his verified petition for a review of the assessment, so made by the board of public works against his real estate, under the provision of §10569 Burns 1926, Acts 1915, ch. 160, p. 608. By his petition he alleged the facts and sought a reduction of the assessment, and asked that this diminution be ascertained by appraisers appointed by the court as provided in said §10569. No action was taken on said petition for review, and no appraisers were appointed.

On September 29, 1926, appellee filed an unverified complaint, which he denominated an "amended complaint," alleging therein the same facts that he alleged in the petition filed on July 26, 1926, but asked the court to enter judgment that his real estate was not benefited by the construction of said sewer and for all other proper relief. This amended complaint was filed under the provisions of §10344 Burns 1926, Acts 1919, ch. 143, p. 635.

Appellant filed a petition to dismiss the amended complaint, which was overruled by the court, and, after

a hearing, judgment was entered for appellee and against the appellant, reducing the assessments as fixed and determined by the board of public works of said city. Appellee's motion for a new trial was overruled, and it perfected this appeal.

It was held by this court in the case of *Murdick* v. *City of Muncie* (1929), 201 Ind. 245, 167 N. E. 132, that §10344 Burns 1926 does not grant the right of appeal to the circuit or superior court, but only provides a method of procedure on appeals where appeals were allowed by law at the time of the taking effect of said statute, or to appeals which may thereafter be allowed by law. Also, that §10569 Burns 1926 does not grant an appeal to the circuit or superior court of the county from an assessment of special benefits made by the board of public works in a public sewer improvement, but only provides a method to set the court in motion as a ministerial agency, and, as §10569, *supra*, does not grant an appeal to the courts, it must be concluded that §10344 does not supersede §10569, *supra*, and, therefore, has nothing in the case at bar to govern or control or to which it may be applied.

Appellant's amended complaint was prosecuted under the theory that §10344, *supra*, granted the right of appeal and that the circuit or superior court had jurisdiction to determine judicially the special benefits to real estate from the construction of a public sewer improvement. In this, appellant is in error. Neither the circuit nor superior courts of the county is given such authority. *Murdick* v. *City of Muncie, supra*. It, therefore, follows that the superior court of Lake County had no authority to hear and determine the question of special benefits in such a proceeding, and its action and judgment, based on appellant's amended complaint, were without jurisdiction and void. Appellee's original petition was sufficient under §10569 Burns 1926,

and the court should have sustained appellant's motion to dismiss said amended complaint, and should have proceeded under the provision of said section.

The judgment is reversed, with instructions to the lower court to dismiss appellee's amended complaint, and all further proceedings are to be upon appellee's original petition and under the provisions of §10569 Burns 1926.

Myers, C. J., and Travis, J., absent.