CITY OF GARY *v.* PONTARELLI.

[No. 26,881. Filed June 23, 1937.]

*Harry Long, Roswell B. Johnson,* and *Gilbert Gruen-berg,* for appellant.

*Bomberger, Peters & Morthland,* for appellee.

TREMAIN, J.—This action was transferred to this court from the Appellate Court on the 14th day of June, 1937, pursuant to Section 4-209 Burns Ind. St. 1933, Section 1364 Baldwin's Ind. St. 1934.

The appellant entered into a contract with the appellee for the construction of a district sewer in the city of Gary. Pursuant to the contract the construction was completed, reported to the board of public works, and accepted as having been performed according to the plans and specifications. The contract price was approximately $200,000. Thereafter, the assessment roll was adopted and confirmed. Three property owners within the district affected by the construction filed remonstrances against benefits assessed upon their real estate. Their remonstrances were rejected by the board. Within ten days the remonstrators each filed a verified petition in the Superior Court of Lake County praying for a reappraisement. The reappraisement was made and filed showing a reduction in the assessment against the remonstrators' real estate in the sum of $11,230.21, which was certified by the court to the proper city authorities.

The city failed to pay the contractor the balance due on the contract price caused by said reduction. He filed a complaint against the city in which he asked for a judgment in that amount. The complaint alleges the foregoing facts together with the proceedings of the board of public works, and demands judgment. To this complaint the appellant filed an answer in three paragraphs: The first was a general denial. The second paragraph alleged that the amount reduced on account of reassessment was null and void for the reason that no issue was formed in the lower court. The third paragraph alleged that the assessments made in that proceeding were null and void for the reasons that the notices published did not contain a proper description of the real estate; that no notice was given to the owners of the adoption of the preliminary assessment roll; that the board of public works failed to prepare an assessment roll with the names of the property owners as provided by law. Demurrers were sustained to the second and third paragraphs of answer.

The cause was submitted to the court for trial without the intervention of a jury. The court, upon request, made special findings of fact and stated its conclusions of law thereon. The court found the facts in substance as herein before set out, showing a substantial compliance with the statute authorizing the construction of the sewer; that the board of public works gave notice of the adoption of the preliminary assessment roll. A copy of the notice is included in the special findings and gives a description of the sewer, which includes the several lines, the beginnings and terminals, and a description of the territory included, bound by streets and avenues named in the notice. The court then found:

"Said assessment roll contains the names of the owners and description of property to be assessed, with the amounts of the preliminary or primary

assessments against each lot or parcel of land abutting on and benefitted by said sewer."

It was found that before the commencement of this action the plaintiff (appellee) made proper demand upon the city for the payment of the remainder due on the contract, and that the plaintiff performed all conditions required of him by the terms of the contract.

It appears that after the remonstrators filed their verified petition in the Superior Court for reappraisement, an amended petition was filed. It is this feature of the action that has caused part of the controversy herein, and is disclosed by the court's finding Number 11:

> "That the judgment in the Lake Superior Court Room No. 1, Cause No. 28093 and 28095 and 28097 were entered upon the original complaints in each case, which original complaints had not been refiled after the amended complaints which had been subsequently filed had been dismissed pursuant to a ruling of the Supreme Court of Indiana, Volume 202, page 445."

Upon the facts found the court stated as conclusions of law: (1) That the law is with the plaintiff, and (2) that he was entitled to recover of the defendant the sum of $11,230.21, together with interest. The defendant objected and excepted to these conclusions. A judgment was entered and an appeal prayed to the Appellate Court. The appellant assigns errors upon the court's ruling in sustaining appellee's demurrer to the second and third paragraphs of answer, and upon its conclusions of law. A motion for a new trial was not filed. A transcript of the evidence is not before the court.

It is the appellant's contention that finding No. 11 shows that the judgment of the Lake Superior Court was entered upon the "original complaints" which were not refiled after the "amended complaints" were dismissed, pursuant to direction of

the Supreme Court. The case there referred to is *City of Gary* v. *Roper* (1931), 202 Ind. 445, 175 N. E. 242. That case is an appeal growing out of this assessment proceeding. It appears from that opinion that the judgment below was based upon what was designated as an amended complaint. In reversing the case this court directed the lower court to dismiss appellee's amended complaint, and ordered that all further proceedings should be had upon the appellee's original petition filed pursuant to the provisions of Section 10569, Burns R. S. 1926.

The appellant contends that when the amended complaint, or more correctly, petition for reassessment, was filed in the Superior Court, the effect of it was to take out the original petition. It appears that the amended petition was not verified as provided by statute. When the amended petition or complaint was stricken out upon order of this court with directions to the trial court to proceed upon the original petition, it stood as if no amendment had been filed. *City of Gary* v. *Roper, supra; Hill et al.* v. *Jamieson* (1861), 16 Ind. 125, 129.

This court recognizes the rule, asserted by appellant and announced in many decisions, that by filing an amended pleading, the pleading which it amends goes out of the record, but clearly that rule does not apply to the facts in this appeal. The amended complaint filed was based upon another section of the statute, Section 10344, Burns R. S. 1926; *City of Gary* v. *Roper, supra.*

The court finds specifically that the board of public works gave notice to property owners. Pursuant thereto the property owners appeared before the board of public works and the court. They are not objecting to the notice or its contents. The city prepared and gave the notice and now complains of its insufficiency, and by reason thereof asserts that it can

take advantage of its own mistake or error, and thereby defeat recovery.

The special findings clearly disclose that upon the remonstrances filed, the assessments and appraisals made by the reappraisers were entered by proper authority from which no appeals were taken. The statute provides that the reappraisement shall be final. It has the effect of a final judgment. The appellant attacks the validity of these judgments or assessments. They were made, pursuant to statute, in the manner provided, by reappraisers appointed by a court of competent jurisdiction, and stand as a finality so far as this case is concerned. A party to such judgments or assessments cannot attack them collaterally and raise a question as to whether or not issues were formed upon which they were based. They are conclusive upon the parties thereto. *Winslow* v. *Green* (1900), 155 Ind. 368, 58 N. E. 259; *McAlpine et al.* v. *Sweetser et al.* (1881), 76 Ind. 78; *The Gum-Elastic Roofing Co.* v. *The Mexico Publishing Co.* (1895), 140 Ind. 158, 39 N. E. 443; *Shoffner* v. *State* (1884), 93 Ind. 519; *City of Gary* v. *Roper, supra; Prott* v. *City of Gary* (1932), 94 Ind. App. 37, 175 N. E. 243.

The attack made by the appellant is collateral. The court below having duly appointed reappraisers, and the judgment provided for by statute having been entered therein, it is conclusively presumed against collateral attack that it was rendered upon proper issue. The same may be said of the notice of which appellant complains. It cannot be attacked collaterally because of defect. *Millikan* v. *Crail* (1912), 177 Ind. 426, 98 N. E. 291; *City of Indianapolis* v. *American, etc., Co.* (1911), 176 Ind. 510, 96 N. E. 608. The Indianapolis case is particularly applicable to the facts involved in the case at bar since the facts are similar, and the trial resulted in a judgment in favor of the contractor against the city to

recover the remainder due on his contract on account of reduction in assessments made against certain property therein described. Also see *Meyer* v. *Wilson* (1906), 166 Ind. 651, 76 N. E. 748.

No question is presented by the record as to the amount of the judgment or the liability of the city concerning the amount recovered. The appellant was not harmed by the ruling of the trial court upon the demurrer to the second and third paragraphs of answer. The special findings cover the facts there presented.

No reversible error was committed by the trial court. The judgment is affirmed.