READ ET AL. *v.* ABE ROSENBLUM & SONS ET AL.

[No. 17,292. Filed December 19, 1944.]

*Arnold, Degnan, Goheen & Zimmerman,* all of South Bend, for appellants.

*F. Kenneth Dempsey, Crumpacker, May, Carlisle & Beamer, Nathan J. Levy, Seebirt, Oare, Dehl & Omacht,* and *Al Johannes,* all of South Bend, for appellees.

DOWELL, P. J.—This action originated in the court below upon complaint of appellants on behalf of themselves and other holders of certain Barrett Law bonds identified as "Northwest Trunk Sewer Barrett Law Bonds" issued by the City of South Bend, Indiana, to the contractor who constructed a trunk sewer, with laterals, in said city pursuant to action of the Board of Public Works. The appellees herein (except the City of South Bend) were owners of a large tract of land within the city limits against which assessments of approximately $125,000.00 were levied to pay for the sewer project. The interest of appellee Federal Deposit Insurance Corporation appears as that of successor to the St. Joseph County Savings Bank, mortgagee of certain of said real estate, said bank having acquired ownership of same through foreclosure and sale. Upon failure of the bank the Federal Deposit Insurance Corporation took over its assets.

By the complaint, which was in three paragraphs, appellants sought (1) recovery on the bond liability and to foreclose the lien of the improvement assessments, (2) to charge the Special Assessment, Delinquency and Deficit Fund of said city with the amount of certain special assessment improvement bonds issued by said city where the real estate was lawfully assessed but as to which waivers had not been executed by the owners thereof and to compel the municipality to place in said fund sufficient moneys to discharge this liability, (3) recovery *ex delictu* for fraud based upon alleged misrepresentations by said city in reliance upon which the appellants purchased improvement bonds to their loss and damage.

The cause was submitted and tried to the court below on issues joined by the various pleadings resulting in finding for appellees and against appellants with judgment accordingly which judgment also quieted title in certain of the real estate in cross-complainant Federal Deposit Insurance Corporation.

The matter reaches us on assignment that the trial court erred in overruling appellants' motion for a new trial which is in three specifications, the first two of which challenge the sufficiency of the evidence and the legality of the decision, the third predicating error upon the rejection of certain proffered evidence.

The facts, appearing by stipulations of the parties and by oral testimony, are as follows:

On January 26, 1927, the Board of Public Works of the City of South Bend, by proper declaratory resolution authorized the construction of trunk sewers and laterals therein described. Pursuant thereto a contract was let for such construction and a preliminary assessment roll prepared which was adopted on July 31, 1928. On this assessment roll there were assessed sums against certain of the real estate affected, the same standing in the names of Harry Brazy, Abe Rosenblum and Son and Citizens' Trust and Savings Bank and another. The said bank was the holder of the legal record title to a portion of such real estate but it was undisputed that the entire equitable and beneficial interest therein belonged also to appellants Abe Rosenblum and Son, hereinafter referred to as Rosenblum. Pursuant to the adoption of the preliminary assessment roll due notice was made and given to property owners affected and, on August 9, 1928, appellees Brazy and Rosenblum each filed written remonstrances with the Board of Public Works in due form and within the time allowed by statute therefor, which remonstrances were rejected

with proper formality. On August 23, 1928, the assessment roll, with certain modifications and adjustments, was finally adopted and confirmed by said Board, the same including the assessments against the property of appellees Rosenblum et al. On this same day the assessment roll was delivered to the Department of Finance and, upon acceptance of the contractor's work, a certified copy thereof was delivered to the Treasurer, who thereupon notified affected property owners, including appellees Brazy and Rosenblum, of their right to execute waivers and take advantage of the 10 year plan of payment. Neither Rosenblum nor Brazy executed waivers within the time provided by law, nor did they ever do so or cause same to be done by anyone on their behalf, nor did they make payment in cash.

On September 12, 1928, 19 days after the final adoption and confirmation of said assessment roll the said Rosenblum filed in the St. Joseph Circuit Court an unverified complaint on appeal from said assessment following a similar complaint by Brazy filed four days earlier. During the pendency of these actions an opinion was enunciated by the Supreme Court of Indiana holding that the type of action so initiated by appellees was not authorized by law. (See *Murdick* v. *City of Muncie* (1929), 201 Ind. 245, 167 N. E. 132.) No further action, therefore, was thereafter taken on said attempted appeals and same were dismissed in the years 1936 and 1938 respectively, under rule of court, for non-action within three terms. The evidence reveals that subsequently to the filing of said attempted appeals some person unknown caused to be noted on the waiver form record of the Treasurer's office an indication that such appeals had been taken.

On February 14, 1929, the City of South Bend issued to the contractor in payment of the contract price for

said sewer construction Barret Law bonds and coupons aggregating the sum of $1,512,450.71 included in which was an unidentifiable portion of bonds in the sum of $124,974.18 with coupons in the amount of $41,232.47 in respect of assessments levied against the properties of appellees Rosenblum et al. These bonds and coupons having passed in due course of transfer or purchase the representative plaintiffs were, at the time of origin of the instant case, the holders of bonds and coupons in the approximate total of $133,660.00 wholly due and unpaid and in default.

It so appears that the lien of the assessments hereinbefore described attached to the real estate affected on said August 23, 1928, and that thereupon and thereafter neither the City of South Bend nor the contractor directed any effort toward the enforcement and collection of unwaivered assessments in the manner provided by law but permitted same to remain delinquent and uncollected and that same were unpaid at the time of origin of the instant case; that, notwithstanding, Barrett Law bonds were issued against these assessments as if waivers had been properly and timely executed. It is further evident that no action was brought by any party in interest to foreclose the lien until the initiation of the instant case in April, 1939. There is also evidence from which flows a fair and reasonable inference that the collection of the assessments in full, or even in considerable part, was never enforceable due to the wide disparity between the assessments and the marketable value of the lands affected.

The unwaivered assessments were due and payable within 30 days after August 23, 1928. Upon the lapse of this 30 day period they became delinquent. (§ 48-2716, Burns' 1933.) It was then the duty of the Treasurer, under the statute then prevailing, to enforce collection

as in the manner provided for sale of real estate for delinquent taxes.

Coincidentally the right of foreclosure accrued to the bondholders. (§§ 48-2711, 48-2721, Burns' 1933, p. 281.)

We are, therefore, constrained to the opinion that appellants' right of foreclosure when and as declared upon in Paragraph 1 of the complaint, was barred by the statute of limitations. (§ 2-620, Burns' 1933; See also § 48-2722, Burns' 1933, effective until ch. 99, Acts 1931.)

Appellants' self-designated "appeal" filed in the St. Joseph Circuit Court and thereafter pending in the Superior Court where it was transferred was of no controlling force as against the operation of the statute. The right of appeal was statutory and action thereon should have been taken pursuant to the provisions of §10569, Burns' 1926, the petition being filed within 10 days from the completion of the assessment roll. Instead, appellants chose to follow the provisions of § 10344, Burns' 1926, by filing an unverified complaint 19 days after final approval of the assessment roll. Under the decisions in the cases of *Murdock* v. *City of Muncie, supra*, and *City of Gary* v. *Roper* (1931), 202 Ind. 445, 175 N. E. 242, this latter section did not grant an appeal. There was, therefore, no pending appeal to toll the statute of limitations.

Questions on the bond liability of the municipality have been resolved, we think, by the decisions of this and the Supreme Court to the effect that a city is in no way liable for the payment of improvement bonds except to the extent of monies actually collected and accumulated by it from assessments made against property benefited. *Rottger, Rec.* v. *City of Union City* (1936), 101 Ind. App. 438, 196 N. E.

355; *Read* v. *Beczkiewicz, Treas.* (1939), 215 Ind. 365, 18 N. E. (2d) 789, 19 N. E. (2d) 465.

Appellants seek to charge the "special assessment delinquency and deficit fund" with the amount of their unpaid bonds and coupons, apparently under that provision of the statute which authorizes the common councils and boards of trustees of the various cities and towns "to appropriate and transfer from the general funds of such cities and towns such amounts as they may deem proper or necessary to meet the needs of said fund." Here again, however, their position is untenable for the statutes specifically preclude "the taking up, paying or enforcement of any such bonds or coupons issued on account of assessments, the collection and enforcement of which is barred by any statutory limitations." (See §48-4407, Burns' 1933, and Acts 1929, § 6, ch. 211.) The statute having run against both appellants and the municipality at the date of origin of the instant case, the proviso above quoted must prevail. What the attitude of this court on the question may have been had proper and timely action been taken is a matter not germane to the issues here presented and we do not discuss it.

There remains the question raised upon the theory of Paragraph 3 of the complaint.

A careful study of the law authorizing the issuance of bonds of the character here involved can lead to but one conclusion. The sole warrant of authority granted to the municipality by virtue of which it may issue such bonds is born of statutes requiring strict construction and is circumscribed by the provisions thereof which limit its exercise to those instances where property owners affected have elected to pay the cost of the improvement in installments and, to that end, have executed waivers in conformity with the

statute. There was, therefore, a total lack of authority for the issuance of Barrett Law bonds in an amount equal to the unwaivered assessments of the appellees Rosenblum and Brazy.

This being true no recitals in or upon the bonds of this issue could operate to relieve the holders thereof of their duty to ascertain the existence of authority in the municipality to issue bonds for the purpose appearing upon their face and the extent of, and any limitation upon, such authority. Nor could the fact that appellants were the holders of bonds unidentifiable with specific assessments or particular parcels of real estate lift from them this burden for it rested upon all holders, equally and alike. *Wilkes County Commissioners* v. *Coler* (1903), 190 U. S. 107, 47 L. Ed. 971, 23 S. Ct. 738; *Spitzger* v. *Village of Blanchard* (1890), 82 Mich. 234, 46 N. W. 400.

Moreover, in the instant case public records and the statutes provided the means of ascertainment. Within the contemplation of the law all parties, therefore, had equal knowledge.

Under circumstances such as these assertions of fraud or estoppel must fail. *(Town of Windfall* v. *First Nat'l. Bank* (1909), 172 Ind. 679, 87 N. E. 984; and cases cited supra.)

It is urged, in effect, that the city, in all equity, should be held to account for its failure to enforce collection of the assessments against appellees' real estate. Here again, we think, the bondholders, because of their interest, were required to know that which was being done or left undone by the City Treasurer and were afforded ample remedies under the law, but within the statute of limitations, to compel him

to follow the mandate of the law in the enforcement of the assessments levied. *Gagnon* v. *City of Butte* (1926), 75 Mont. 279, 243 P. 1085.

In view of opinions herein expressed appellants' proposition upon the rejection of proffered evidence becomes immaterial.

Judgment affirmed.

Note.—Reported in 58 N. E. (2d) 376.