WALTER E. FRITZ AND RAMONA J. FRITZ *v.*
TOWN OF CLERMONT.

[No. 1171A229. Filed February 7, 1973. Rehearing denied March 21, 1973. Transfer denied February 19, 1974.]

*Harold W. Jones, Robert W. Geddes, Smith and Jones,* of Indianapolis, for appellant.

*Jack H. Rogers, Ronald R. Snyder, Roberts & Ryder,* of Indianapolis, for appellee.

HOFFMAN, C.J.—This appeal is from a judgment of the trial court against the plaintiffs-appellants Walter E. Fritz and Ramona J. Fritz on their amended complaint appealing a sewer construction assessment. The primary issue here presented is whether a 32.7 acre tract of land already receiving sewer service is specially benefited by the construction of "trunk and main" sewers within a designated assessment area.

The instant appeal turns upon the interpretation to be given to Acts 1967, ch. 128, as found in IC 1971, 19-2-7-1 to 19-2-7-20, Ind. Ann. Stat. §§ 48-3948 to 48-3967 (Burns Cum. Supp. 1972). We will not here set forth each of the above-named statutes verbatim. Instead, we will merely summarize the relevant portions of the pertinent statutes.

Section 48-3950, *supra,* provides that whenever the board orders the construction of any local sewer the cost of which is to be assessed against property, a hearing must be held on the question as to whether the specific benefit that will accrue to the property to be assessed, the abutting property, will be equal to the estimated cost of the improvement.

Section 48-3951, *supra,* provides that after the hearing the original resolution may be rescinded, confirmed or modified. Whenever any sewer shall be intended to be used for receiving sewage from collateral drains a hearing must be held to determine the question whether the area is properly bounded for drainage, whether other territory should be included, whether any real estate should be excluded therefrom, and whether the special benefits to the several parcels within the area will be equal to the estimated cost of the improvement. Procedure for conducting such hearing is set forth in § 48-3952, *supra.*

Section 48-3954, *supra,* provides that when a sewer is intended only for use by property owners along the line of the street on which it is constructed, then the parcels so abutting shall be assessed primarily for the cost of the improvement and the costs shall be apportioned according to the areas of the abutting lands.

Section 48-3957, *supra,* provides that whenever the sewer shall be intended to receive sewage from collateral sewers then the cost shall be divided as follows: so much of the cost equivalent to the cost of a local sewer (§ 48-3954, *supra*) shall be primarily assessed against the abutting property holders. The excess cost shall be primarily assessed against each parcel of land in the district to be drained in the proportion that that parcel bears to the total area of the district.

Section 48-3958, *supra,* provides that in making assessments for the construction of any sewer, the board shall make out an assessment roll, with the names of the property owners and description of the property primarily assessed for the sewer.

The assessment roll shall also have the total primary assessment against each parcel as the special benefits accruing to the parcel by reason of the improvement.

A notice must be given stating that the assessment roll, with the names of the owners and descriptions of property to be assessed, with the amount of the primary assessment

against each parcel, is on file in the office of the board. The notice must name a day on which the board will hear remonstrances against the amounts assessed and will hear and determine the question as to whether the parcels will be specifically benefited by the improvement in the amounts stated in the roll.

The latter section bears extreme importance to the instant appeal. To repeat what we have said, § 48-3958, *supra*, states, "[i]n making assessments * * * for the construction of any sewer, * * * the board shall, * * * make out an assessment roll, * * *." The assessment roll shall contain the total primary assessment against each parcel of land as the special benefits accruing thereto. See: § 48-3958, *supra*. Thereafter, the board 1) will receive and hear remonstrances against the amounts assessed; and 2) will hear and determine the question as to whether the parcels of land have been, or will be, specially benefited by the improvement in the amounts stated and set forth in the roll.

The foregoing statutes must here be applied to the following facts:

Walter E. Fritz and Ramona J. Fritz are the owners of a parcel of land containing approximately 32.7 acres located within the corporate limits of the Town of Clermont, Indiana. On June 1, 1967, a perpetual easement was granted by Walter E. Fritz and Ramona J. Fritz to the City of Indianapolis, Indiana. Said perpetual easement was duly received for public record by the recorder of Marion County, Indiana, on August 9, 1967. The terms of the perpetual easement provided, *inter alia,* that the grantee-City of Indianapolis could enter upon the described real estate of the grantors for the purpose of constructing, maintaining, and operating a sewer line for collection, carriage, treatment and disposal of the waste, garbage, sewage, storm water and refuse of the City of Indianapolis. The grantors were granted the authority to hook up to the four manholes located on their property.

On January 18, 1968, the Board of Trustees of the Town of Clermont unanimously resolved that a sanitary sewer system be constructed within the Town of Clermont, and that the area to be assessed to pay for the Clermont sanitary sewer system is the corporate boundaries of the Town of Clermont. Notice of such resolution was duly given and a hearing was scheduled for February 5, 1968, to hear remonstrances and to determine whether the special benefits to the land within the area assessed and to the Town would be equal to the estimated cost of the improvement.

At such hearing all interested persons were given an opportunity to be heard and Resolution 1968-2 was passed confirming the prior resolution in all respects. On May 17, 1968, Resolution 1968-3, a primary assessment roll for the construction of the Clermont Sanitary Sewer was received by the Board of Trustees and a hearing on the assessment contained in the assessment roll was set for May 31, 1968.

A hearing was held on May 31, 1968; however, the Board of Trustees of the Town of Clermont failed to give sufficient notice of such hearing to the Fritzes as found by our Supreme Court in *Fritz* v. *Bd. of Trustees* (1969), 253 Ind. 202, 252 N.E.2d 567.

A subsequent hearing was conducted on January 20, 1970, to hear the remonstrance of Walter E. Fritz and Ramona J. Fritz, appellants herein. At the latter hearing it was resolved that the assessment in the amount of $17,827.44 against Walter E. Fritz and Ramona J. Fritz be confirmed. Pursuant to § 48-3960, *supra,* an appeal was taken to the Marion Superior Court which entered judgment affirming the area assessments against appellants.

Appellants' motion to reconsider and correct errors, timely filed, was overruled, and this appeal followed.

On appeal appellants contend that the judgment of the trial court is contrary to law, and in their briefs argue the following four propositions:

1. The Town sewer did not confer a special benefit to the land of the plaintiffs, which was already adequately served by a pre-existing new interceptor sewer.
2. The defendant-Town made no determination of special benefits to the land of the plaintiff and thereby failed to satisfy the statutory condition precedent to the assessment.
3. Without the accrual and a lawful determination of special benefits to the land of the plaintiffs, the defendant-Town could not lawfully make any assessment upon such land.
4. The defendant-Town should have excluded the land of the plaintiffs from the boundaries of the Town sewer system and in failing to hear and determine whether the land of the plaintiffs should be excluded from the district, the defendant-Town denied the plaintiffs due process of law when it levied its assessment against them.

Inasmuch as propositions one, two and three are closely interrelated, we will combine our consideration of them in the following discussion.

Appellee-Town of Clermont contends that the assessment against Walter E. Fritz and Ramona J. Fritz was valid because it was an "area assessment." Such assessments are provided for under § 48-3957, *supra,* when the proposed sewer is intended to receive sewage from collateral drains.

Appellants do not contend that the apportionment of the cost of the trunk and main sewers is contrary to the provisions of § 48-3957, *supra.* Rather, the thrust of their contention is that the Town failed to consider the special benefits to their land in light of the pre-existing sewer in making the assessment.

The concept of "special benefits" encompassed within the statutes here in question was given lengthy consideration in *Indiano* v. *City of Indianapolis* (1971), 148 Ind. App. 637, 269 N.E.2d 552, 25 Ind. Dec. 455. *Indiano* relies on *Hubenthal, et al.* v. *Crain, et al.* (1959), 239 Ind. 646, at 650, 159 N.E.2d 850, at 852-853, wherein it is stated:

" 'In determining whether lands are benefited, special benefits only may be considered, and not the general benefits which accrue to the landowner as a member of the community. Benefits are special when they increase the value of the property, relieve it from a burden, or make it especially adapted to a purpose which enhances its value.

" '. . . it is not necessary that the benefits be direct and immediate to justify an assessment. Future possibilities, if any, as well as collateral or indirect benefits, may be considered.' 10 I.L.E., Ditches and Drains, pp. 503, 504. *Cleveland, C., C. & St. L. Ry. Co.* v. *Mumford* (1935), 208 Ind. 655, 197 N.E. 826; *Watson* v. *Armstrong* (1913), 180 Ind. 49, 102 N.E. 273; * * *."

A thorough search of the record before us reveals no evidence that the special benefits flowing to the land of appellants are less than the amount assessed. Appellants merely argue that the failure of the Board to consider the effect of the pre-existing sanitary sewer makes the assessment contrary to law. Admittedly, the fact that a parcel of land is receiving sewer service from another source emits an inference that the special benefits to the parcel *may* be less than the benefits flowing to other parcels of land. However, that inference, standing alone, does not show that the improvement does not invoke special benefits on the property in question in an amount equal to, or in excess of, the assessment.

While this is a case of first impression in Indiana, the case of *Brewster-Mill Park Rlty.* v. *Town Bd. of North Elba* (1962), 17 A.D. 2d 467, 235 N.Y.S. 2d 931, is factually similar. In that case the Town of North Elba attempted to construct a sewer district designated as the Fawn-Ridge Sewer District which included the restaurant of the appellants. The restaurant had been served for a number of years by a main trunk sewer line of another sewer district which passed under the restaurant en route to the disposal facilities. The trial court, in effect, held that the restaurant was not benefited by the proposed improvement. In reversing the judgment

of the trial court the reviewing court, at 932-933 of 235 N.Y.S. 2d, stated:

> " 'Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact. The test is not whether as now used by its present owner any advantage is received, but whether its general value has been enhanced. [Citing authorities.] Unless we can say as a matter of law that the improvement may not by any possibility increase the value of respondent's property we must accede to the determination of the Town Board * * *.'
>
> \* \* \*
>
> "The fact that respondent already has privately arranged to provide itself with adequate facilities is not controlling." [Citing authorities.]

The evidence contained in the record before us is uncontroverted that the area assessment against the property of Walter E. Fritz and Ramona J. Fritz was based only on the result of the multiplication of the amount of square footage within the Fritz' property by a cost per square foot of the entire assessment area. This computation was properly considered the primary assessment against the Fritz' land. Section 48-3958, *supra*.

It is not the function of this court to weigh the evidence and determine the value of the special benefits accruing to the Fritz' property by reason of the improvement. The Fritzes failed to show that their property is not specially benefited in the amounts assessed. In challenging the primary assessment contained in the assessment roll, the burden was upon the Fritzes to show the special benefits to their land were less than the amount assessed. Section 48-3958, *supra*. They failed to satisfy this burden.

In their proposition four, appellants contend that their land should have been excluded from the assessment area.

The determination of whether the boundaries of the proposed assessment area are proper *vel non* is to be made in the hearing conducted pursuant to § 48-3951, *supra*. Our

Supreme Court in *Fritz* v. *Bd. of Trustees, supra,* distinguished between the two types of hearings in proceedings of this character. In the type of hearing prescribed by § 48-3951, *supra,* the court stated that a notice of a general nature to the public in general would seem to suffice. (at 211 of 253 Ind., at 571 of 252 N.E.2d.)

Here, appellants-Fritzes did not appear to remonstrate against the proposed boundaries of the assessment area. Moreover, where it cannot be said as a matter of law that a special parcel of land is not specially benefited, it cannot be said that the land should have been excluded from the assessment area.

Appellants argue that they were entitled to specific determinations that the special benefits were equal to the amounts assessed.

The terms "special benefits" elude concrete definition. They may only be explained by reference to other anomalous concepts. See: *Indiano* v. *City of Indianapolis, supra,* and cases there cited. In enacting Acts 1967, ch. 128, the Legislature did not require a dollar and cents determination to be made of the amount of special benefits flowing to each parcel of land. Instead, § 48-3951, *supra,* merely requires a determination that the special benefits to the several parcels of land within the area be equal to the estimated cost of the improvement. Section 48-3958, *supra,* merely requires that the assessment roll shall have *as the special benefit* to each parcel of land the primary assessment against the parcel determined under § 48-3957, *supra.* These provisions were followed by the Board in the instant case.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.