THE CITY OF RICHMOND, INDIANA *v.* S.M.O., INC.
D/B/A BURGER CHEF RESTAURANT.

[No. 1-275A27. Filed September 15, 1975. Rehearing denied October 15, 1975. Transfer denied April 14, 1976.]

642

*Robert G. Burton,* City Attorney, Richmond, for appellant.
*Bertwin J. Keller,* Richmond, for appellee.

ROBERTSON, C. J.—The defendant-appellant, City, is appealing from the trial court's judgment enjoining the City from maintaining a barricade between the property of the plaintiff-appellee, Burger Chef, and a state highway.

The primary issues raised by the City may be paraphrased as whether the City had a right to regulate access to a state highway and, if so, was that power properly exercised.

For the reasons stated hereafter we affirm the trial court's judgment.

The facts show that the Indiana State Highway Commission granted Burger Chef's application for a curb cut and driveway along a state highway. Burger Chef made the cut and put in the driveway. Burger Chef then petitioned the City's Board of Public Works and Safety for the same permission. Not only did the City deny permission to Burger Chef but they also ordered the removal of the curb cut. When Burger Chef failed to remove the work the City eventually placed a metal post barricade across the driveway cutting off access to the state highway. Burger Chef's remaining access to the state highway was by way of a street adjacent to its property.

Burger Chef filed suit against the City and ultimately, by way of summary judgment, obtained removal of the barricade and an injunction from further interference by the City.

The essence of the trial court's ruling was that while the State has primary control of curb cuts on state highways the City could share in that control by adopting reasonable rules and regulations for that purpose. However, the trial court continued, since the City had not passed such rules and regulations, the City did not have authority to interfere with Burger Chef's access.

There is a series of older cases which collectively hold that the state and a municipality may share in the regulation of a given activity providing that regulation is not exclusively reserved to the state and the municipal regulation does not impose a less stringent requirement than specified by the state. *See: Cooper* v. *City of Greenwood* (1907), 169 Ind. 14, 81 N.E. 56 (ordinance may supplement state law) ; *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 23 N.E.2d 590 (no prohibition for an ordinance to impose additional regulations if the ordinance is otherwise valid) ; *Spitler* v. *Town of Munster* (1938), 214 Ind. 75, 14 N.E.2d 579 (more stringent requirements allowed where exclusive authority not reserved to the state) ; *Hollywood Theater Corp.* v. *City of Indianapolis*

(1941), 218 Ind. 556, 34 N.E.2d 28 (parts of ordinance imposing less stringent regulations than statute are invalid).

The statute which gives authority to the state to regulate curb cuts is IC 1971, 9-4-1-119 (Burns Code Ed.). This statute is the genesis of a series of regulations (Burns Administrative Rules and Regulations [47-2127]-1 through [47-2127]-29) setting forth those things deemed pertinent by the State Highway Commission for a curb cut. A reading of that statute and those regulations indicates no particular intent to reserve the subject matter of curb cuts into or onto a state highway exclusively to the state. In fact, some degree of municipal participation in regulating may be inferred from the following:

> "Approval of a permit application shall be subject to the permittee obtaining all necessary approvals involving land use from the zoning board and/or plan commission having jurisdiction and local authorities and complying with all applicable laws. *The issuance of any permit shall in no way imply commission approval of, or be intended to influence any action pending before any local board or commission."* (Emphasis added.) Burns Rules & Regulations [47-2127]-12

When the trial court's determination that primary authority for curb cuts on a state highway rests with the state, with the City sharing under the proper circumstances, is compared to the foregoing cases, statute, and regulations we find no error.

It is in a similar vein that we find no error in the trial court's statement that the City must accompany any attempt to regulate curb cuts with reasonable rules and regulations dealing with that subject.

The right of a property owner to ingress and egress to an abutting highway is a property right, albeit not always absolute, but, nonetheless a property right. *State* v. *Cheris* (1972), 153 Ind. App. 451, 287 N.E.2d 777; *State* v. *Ensley* (1960), 240 Ind. 472, 164 N.E.2d 342. We believe it to be elementary that due process attaches

to that property right in that a city may not arbitrarily deny a property owner access to a street.

> "The City Council under the powers granted it to regulate traffic and control the use of streets and sidewalks within the city does not have the power to deny in its absolute discretion, permission to construct or maintain any driveway across the sidewalk. The right of a property owner to access to the public streets adjoining his property may be restricted by ordinance in some reasonable manner consistent with the public good. However, such ordinance must spell out reasonable standards for the property owner to meet as a condition precedent to acquiring a driveway permit, and an ordinance which purports to authorize the outright denial of a permit depending upon the will of the City Council is not enforceable." *Salem National Bank* v. *City of Salem* (1964), 47 Ill. App. 2d 279, 198 N.E.2d 137, 140.

*See also: Pure Oil Co.* v. *City of Northlake* (1957), 10 Ill. App. 2d 241, 140 N.E.2d 289. *Accord: Park Hill Development Co.* v. *City of Evansville* (1921), 190 Ind. 432, 130 N.E. 645.

The City suggests that several ordinances exist in their municipal code which fulfill the trial court's holding that reasonable rules and regulations are required. The subject matter of these ordinances, generally speaking, make it unlawful to obstruct or injure a street and require excavation permits for work which is to be done on public streets. While these ordinances have some value in specifying and controlling the physical manner that curb cuts may be made, there is a legal shortfall in setting forth the terms and conditions which would inform a property owner of the standards considered by the City in allowing or denying a curb cut. *See:* 37 Am. Jur. § 160, p. 778.

Neither can the City's position be justified under IC 1971, 18-1-1.5-16 (Burns Code Ed.) (the "home rule" act) for the reason the statute's language is clear in stating that a municipality's residual powers are to be exercised by ordinance.

The City finally argues that Burger Chef did not timely appeal the decision of the Board of Public Works and Safety

because IC 1971, 18-5-17-1 (Burns Code Ed.) specifies that appeals from the Board's decision are to be made within 30 days. Burger Chef answers, and we agree, that the language of the statute which says:

"All appeals now allowed, or which may hereafter be allowed by law . . ."

has reference to other statutes authorizing an appeal. One example would be Ind. Ann. Stat. § 48-2808 (Burns 1963) which details the procedure to appeal the decision to improve a street, alley or public place.

We, therefore, conclude that the trial court was correct in its decision.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 333 N.E.2d 797.