**CITY OF SOUTH BEND,
Appellant-Defendant,**

v.

**BROOKSFIELD FARM,
Appellee-Plaintiff.**

No. 3–780A205.

Court of Appeals of Indiana,
Third District.

March 30, 1981.

Rehearing Denied May 7, 1981.

---

Richard L. Hill, City Atty., James A. Masters, Deputy City Atty., South Bend, for appellant-defendant.

F. Richard Kramer, Brian ·S. Schuster, Kramer, Jaicomo & Snyder, South Bend, for appellee-plaintiff.

STATON, Judge.

Brooksfield Farm (Farm) filed a declaratory judgment action seeking the invalidation of an assessment, made by the City of South Bend (City), for the construction of a sewer system. The Farm alleged that the proceeding, with respect to the method of determination of the assessment, was defective in that it did not comply with the requirements of IC 1971, 19–2–7–1 *et seq.* After the City had failed to file any responsive pleading within 20 days and had neglected to appear at the appointed time for the hearing, the court granted a judgment by default. It declared the assessment in question to be invalid. On appeal, the City now asks if this judgment is void and whether it should be set aside pursuant to Ind. Rules of Procedure, Trial Rule 60(B)(6).

We affirm.

In essence, the City asks whether the appeal process, as set forth in IC 1971, 19–2–7–13 [1] and IC 1971, 18–5–17–1 (now

---

1. "[IC 1971] 19–2–7–13. Modification or confirmation of assessment rolls—Decisions of board final—Right of owners to review—Defects in proceedings—Procedure.—The board shall complete the roll and render its decision as to all the special benefits by modifying or confirming the assessment roll, showing the amount of special benefits opposite each name and description, and against the city or town, if it is found that the city or town is specially benefited, and, when completed, the assessment roll shall be delivered to the proper fiscal officer of the city or town.

"The decision of the board as to all benefits shall be final and conclusive on all parties: Provided, That any owner of any lot or parcel of land assessed, shall have the right to take an appeal to the circuit or superior court of the county in which the city or town is located, provided the owner has filed a written remonstrance with the board. The delivery of the assessment roll to the proper fiscal officer of the city or town shall not be delayed on account of the proceedings, nor shall the rights of any other property holder be affected thereby. In case any assessment is reduced in such proceedings, the board shall certify the correction to the proper fiscal officer of the city or town, who shall enter the proper amount of the assessment on the roll. If there is a defect in the proceedings with respect to one or more interested persons, the same shall not affect the proceedings except so far as it may affect the interest or property of the person or persons and shall not avail any other person therein. In case of a defect, supplementary proceedings of the same general character as those hereinbefore described may be had to correct or supply the·same."

repealed)[2] is applicable to the facts-at-bar. Arguing that the judgment is void, the City claims that the court lacked subject matter jurisdiction to consider the appeal from the board's decision because the Farm had not followed the appellate process as set forth in IC 1971, 19–2–7–13 and IC 1971, 18–5–17–1 (now repealed). We disagree.

IC 1971, 19–2–7–13 states that "The board shall complete the roll and render its decision *as to all the special benefits*[3] by modifying or confirming the assessment roll." Its decision *"as to all benefits"* is final and not appealable to the circuit or superior court unless "the owner has filed a written remonstrance with the board." IC 1971, 18–5–17–1 (now repealed) indicates that, to appeal, the owner must file his complaint within 30 days from the date of the decision about which he is complaining. The Farm filed neither a remonstrance with the board nor a complaint within the requisite 30 days. In our opinion, there was no need for it to do so. A fair reading of these statutes persuades us that only those partes appealing determinations made as to special benefits and the resulting amounts of assessments are required to follow the foregoing statutory appeal procedures.

▪ In an action for judicial review of an administrative determination, compliance with statutory requirements is a condi-

tion precedent to the exercise of "review jurisdiction" by the trial court. Failure to comply with the statutory mandate is jurisdictional. *Ind. Civ. R. Com'm v. Intern. U., United Auto., Etc.* (1979), Ind.App., 385 N.E.2d 1176; *Gleason v. Real Estate Commission* (1973), 157 Ind.App. 344, 300 N.E.2d 116. Where the legislature has, however, failed to provide a statutory remedy of appeal which is sufficiently broad, the court will grant such a review. *Mann v. City of Terre Haute* (1960), 240 Ind. 245, 163 N.E.2d 577. A litigant is entitled to judicial review of an administrative action taken by a board notwithstanding the failure of the legislature to so provide. *Dortch v. Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25, 47–48. In such a review, the court will not look to substitute its opinion for that of the board, but rather, it will review the proceedings so as to determine whether the procedural requirements have been followed. *Mann, supra.*

▪ Clearly, the legislature provided a statutory appeal mechanism to challenge the amount of an assessment; it did not formulate an appeal process directed to alleged defects in the statutory proceedings which validate the assessments. If the Farm's declaratory judgment action could have been interpreted as an appeal of the amount of the assessment, then IC 1971, 19–2–7–13 and IC 1971, 18–5–17–1 (now

---

2.   "[IC 1971, 18–5–17–1 (now repealed)] Complaint.—All appeals *now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works or the board of park commissioners of any city, or the common council of such cities wherein it performs the functions of either or both such boards, or of any other board, shall be taken by the party appealing, filing in the circuit or superior court of the county wherein such city is located an original complaint against such city as defendant. Such complaint on appeal shall be filed within thirty [30] days from the date of the action or decision complained of,* and one or more parties appealing may join in the same complaint. Such appeals shall not be taken by transcript. Such complaint on appeal, where the statute authorizing such appeal renders the same applicable thereto, shall contain:
         *    *    *    *    *    *
     "Fourth: Where an appeal is authorized by any statute from any action or decision or

such board, or common council, which does *not involve, or which it* [is] *not limited to, the* question of the amount of the award of damages or the assessment of benefits, such complaint *shall also allege specifically wherein the party appealing complaints of the action or decision of such board."*
This statute was repealed by Acts 1980, P.L. 8, § 175, effective April 1, 1980. For the present law, see IC 1971, 34–4–17.5–1 *et seq.*

3.   The term "special benefits" is a word of art for the purposes of pertinent sections of IC 1971, 19–2–7–1 *et seq.* Benefits are "special" when "they increase the value of the property, relieve it from a burden, or make it especially adapted to a purpose which enhances its value." *Hubenthal v. Crain* (1959), 239 Ind. 646, at 650, 159 N.E.2d 850 at 853; *Fritz v. Town of Clermont* (1973), 155 Ind.App. 180, 292 N.E.2d 258; *Indiano v. City of Indianapolis* (1971), 148 Ind.App. 637, 269 N.E.2d 552, 555.

repealed) [4] would have applied. The court, then, would not have had the jurisdiction to hear the matter. The Farm's action, however, was based upon alleged defects in the proceedings and the court, therefore, properly had jurisdiction, pursuant to IC 1971, 34–4–10–1, to hear it.

Judgment affirmed.

GARRARD, J., concurs.

HOFFMAN, P. J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent from the majority's opinion and would reverse and remand this case with instructions to dismiss the action as being untimely filed.

IC 1971, 18–5–17–1 provides in part:

"*All appeals now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works* or the board of park commissioners of any city, or the common council of such cities wherein it performs the functions of either or both such boards, or of any other board, shall be taken by the party appealing, filing in the circuit or superior court of the county wherein such city is located, an original complaint against such city as defendant. *Such complaint on appeal shall be filed within thirty [30] days from the date of the action or decision complained of*, and one or more parties appealing may join in the same complaint." (Emphasis added.)

The majority apparently interprets the word "law" as being synonymous with "statute." Although such an interpretation was previously made in *City of Richmond v. S. M. O., Inc.* (1975), 165 Ind.App. 641, 333 N.E.2d 797, I believe it to be unduly limited and contrary to the express language of IC 1971, 18–5–17–1.

"Law" is defined as

"[t]hat which is laid down, ordained, or established. A rule or method according to which phenomena or actions co-exist or follow each other. That which must be obeyed and followed by citizens, subject to sanctions or legal consequences, is a 'law.' "

Black's Law Dictionary 1028 (4th ed. 1951).

*See also, Randall v. Town of Highland* (1981) Ind.App., 416 N.E.2d 891. Among the many examples of what "law" may embrace are: constitutional provisions, judicial decisions and judgments. Black's Law Dictionary at 1028.

At the time IC 1971, 18–5–17–1 was enacted, a person could appeal from the decision of a board of public works only when the Legislature had granted statutory authority to do so. *See e. g., City of Gary v. Roper* (1931), 202 Ind. 445, 175 N.E. 242; *Murdick v. City of Muncie* (1929), 201 Ind. 245, 167 N.E. 132. Since that time however, the Indiana Supreme Court has declared that due process mandates every decision of an administrative agency be reviewable by a court. Judicial review exists notwithstanding the failure of the Legislature to specifically provide for such a procedure. *Dortch v. Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25; *Mann v. City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N.E.2d 577; *State ex rel. City of Marion et al. v. Grant Cir. Ct.* (1959), 239 Ind. 315, 157 N.E.2d 188. *See generally, Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399. To hold that the thirty-day limitation of IC 1971, 18–5–17–1 does not apply to Brooksfield Farm is tantamount to holding that the pronouncements of the Indiana Supreme Court guaranteeing the right of judicial review are not law in this state.

4. The City suggests that the language of IC 1971, 18–5–17–1 Fourth (now repealed) makes the 30-day filing requirement applicable to appeals concerning procedural defects, as well as those dealing with the amount of assessments. While this section does speak of appeals which are not confined to the question of the amount of an assessment, we are persuaded that such an appeal is limited, by statute, to a situation in which "an appeal is authorized by any statute from any action . . . of such board." An appeal process to be utilized in the case of alleged procedural defects in the proceedings is not "authorized by statute." As such, IC 1971, 18 5–17–1 Fourth (now repealed) is inapplicable.

The majority's decision also frustrates the purpose of IC 1971, 18–5–17–1. The statute provides for thirty days within which a person may challenge the acts of the board of public works. The limitation allows the city to proceed with its projects at the end of thirty days without fear of interruption from future lawsuits. The costs and delays which could follow from the majority's decision would be tremendous.

For the above reasons I would reverse and remand this action with instructions that it be dismissed.